Charles R. CHRISTIANSON and International Trade Services, Inc., Plaintiffs,

v.

COLT INDUSTRIES OPERATING CORP., a Delaware corporation, Defendant.

Civ. A. Nos. 84–4056, 83–4072.

United States District Court, C.D. Illinois.

July 19, 1985.

Stuart R. Lefstein, Rock Island, Ill., John C. McNett, Spiro Bereveskos, Indianapolis, Ind., Richard I. Fine, Los Angeles, Cal., for plaintiffs.

Anthony M. Radice, Joseph C. Markowitz, Kim J. Landsman, New York City, John V. Patton and James D. Mowen, Moline, Ill., Robert L. Harmon, Chicago, Ill., for defendant.

## FINAL JUDGMENT ON LIABILITY

ROBERT D. MORGAN, District Judge.

This case was before this court on the pleadings, including cross-motions for summary judgment. Plaintiffs, Charles R. Christianson and essentially his corporation, International Trade Services, Inc., filed a complaint against Colt Industries Operating Corp. (Colt Industries) for damages, injunctive and equitable relief, for injuries resulting from Colt Industries' violations of the antitrust laws (Count I) and amended it to include a count for intention-

al wrongful interference with business relations by Colt Industries and requesting actual and punitive damages (Count II). Colt Industries denied violations and asserted numerous counterclaims and affirmative defenses. Plaintiffs denied Colt Industries' counterclaims and asserted affirmative defenses. Patent infringement is not an issue in this case. This court has jurisdiction over the subject matter of this action and the parties before it under 28 U.S.C. § 1332 and 15 U.S.C. §§ 4, 15 and 26. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 15.

Based on the motion papers and accompanying briefs and the representations of counsel at a hearing, all matters alleged in plaintiffs' complaint and those matters in defendant's counterclaims raised in the motion papers were considered by the court to be placed before it for ruling, and therefore the court has considered and has duly ruled upon the same as a matter of summary judgment upon undisputed material facts.

This court's decision is based upon the pleadings, the depositions, answers to interrogatories and admissions on file, together with the affidavits and other evidence presented, the briefs, arguments, and this court's interrogation of counsel at a hearing. Among the material considered was live testimony before this court in *Colt Industries v. Springfield Armory, Inc., et al.*, Civil Docket No. 83–4072, with which this cause was heretofore consolidated. That testimony was identified by the transcript portions provided as exhibits to the instant motion.

This court has determined that summary judgment is appropriate as indicated in this court's Memorandum Decision and Order entered on May 24, 1985, 609 F.Supp. 1174 which Memorandum is incorporated herein.

IT IS THEREFORE ORDERED AND ADJUDGED that:

1. There having been injury to plaintiffs' business and property, a trial shall be held, as subsequently scheduled by this court, to determine the amount and types of damages to which plaintiffs may be enti-

tled, and such other matters as may remain to be resolved by trial.

2. A hearing shall be held after such trial to determine the amount of attorneys' fees and interest and costs to which plaintiffs may be entitled.

■ 3. The disclosures made in Colt's M–16 patents are insufficient to satisfy either the enablement or best mode requirements of 35 U.S.C. § 112. Accordingly, the following patents were invalid from their inception:

3,236,155; 3,292,492; 3,301,133; 3,336,011; 3,440,751; 3,453,762; 3,619,929; 3,771,415; 3,977,296.

■ 4. In view of Colt Industries' wrongful retention as its trade secrets of information that it should have disclosed, under 35 U.S.C. § 112, 1st paragraph, in its M–16 patents, so that others could have made and used the M–16 inventions for use with the M–16 (all references herein to M–16 are intended to include its various versions such as the M–16A1 and the M–16A2, where the context permits), such information is hereby declared void and unenforceable as trade secrets. Colt Industries' monopolization of the M–16 market and sub-markets and agreements in restraint of trade in connection with its suppliers and distributors require injunctive relief for an adequate remedy.

5. Though some of the M–16 trade secrets did not directly have to be disclosed in the patents for various reasons of timing and subject matter, in order to best place the public in a position it would have been in but for the wrongful acts of Colt Industries, and provide for proper competition, it is hereby declared that all trade secrets in technical information relating to the M–16, which came into existence prior to the entry of this order, are hereby declared void and unenforceable.

6. To the extent that any of the counterclaims in the action remain unresolved, and in accordance with Rule 56(d) of the Federal Rules of Civil Procedure, it is determined that the invalidity and unenforceability of any and all of Colt Industries'

trade secrets in technical information relating to the M–16 which were in existence prior to the entry of this order, is taken as conclusively established with respect to all subsequent proceedings in this case.

7. Colt Industries, its officers, agents, servants, employees, attorneys, and those entities in active concert or participation with them (who receive actual notice of the order by personal service or otherwise) are hereby enjoined from asserting or seeking to enforce, in any manner which would impede or interfere with plaintiffs in their businesses or employment, any form of trade secret right in any technical information relating to the M–16 wherein such information was in existence prior to the entry of this order.

8. Colt Industries is directed to preserve until June 1, 1989, such technical information relating to the manufacture of the M–16 which was in existence prior to the entry of this order, and to provide it to either plaintiff upon request within 30 days of such request. Colt Industries may charge a reasonable and customary fee for copying charges for handling of any such request.

9. On documents or drawings which Colt Industries hereafter distributes bearing technical information in existence prior to the date of this order and relating to the M–16, Colt Industries shall insure that no proprietary stickers and/or Colt Industries' confidentiality designations shall be used in connection with potential customers or suppliers of plaintiffs in a fashion which would indicate that any such technical information could be protectible as a trade secret.

10. Colt Industries shall serve a copy of this Order upon all potential customers or suppliers of plaintiffs which Colt Industries has within the past four years:

    a. licensed M–16 trade secrets,

    b. threatened enforcement of M–16 trade secrets, or

    c. sent letters claiming rights in M–16 trade secrets for the past four years.

11. Colt Industries' Fifth and Sixth counterclaims are hereby dismissed with prejudice. Pursuant to Rule 54(b), this court determines there is no just reason for delay and directs the entry of final judgment in favor of Christianson and ITS and against Colt Industries on said claims, and judgment is hereby entered accordingly.

12. Final judgment is hereby entered as to plaintiffs' claims for liability on Counts I and II of plaintiffs' complaint in favor of plaintiffs against defendant.

13. The court is of the opinion that this judgment involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from this entire judgment may materially advance the ultimate termination of the litigation.