RUSTEVADER CORPORATION and David F. McCrady, individually and as owner of United States Patent No. 4,647,353, Plaintiffs,

v.

George COWATCH, Jr. and George Cowatch, Sr., Defendants.

Civ. A. No. 93–98J.

United States District Court, W.D. Pennsylvania.

Oct. 6, 1993.

Cynthia A. Yeager, Andrews & Wagner, Altoona, PA, for plaintiffs.

Lynn J. Alstadt, Lisa G. Silverman, Buchanan Ingersoll, Pittsburgh, PA, for defendants.

## MEMORANDUM OPINION

BLOCH, District Judge.

Before this Court is plaintiffs' motion to remand. For the reasons stated herein, the plaintiffs' motion will be denied.

### I. Factual background

Defendant George Cowatch, Jr. (Cowatch Jr.) was employed by plaintiff RustEvader Corporation from September 15, 1985, until August 16, 1986. After they filed a patent application on December 3, 1986, defendants Cowatch Jr. and George Cowatch, Sr. (Cowatch Sr.) were issued United States Patent No. 4,767,512 on August 30, 1988 (the Cowatch patent) as joint inventors.

On March 3, 1993, plaintiffs commenced this action by filing a complaint in the Court of Common Pleas of Blair County, Pennsylvania. Plaintiffs' complaint asserts claims against defendant Cowatch Jr. for breaching the terms of an employment agreement between him and plaintiff RustEvader. Plaintiffs contend that defendant breached the confidentiality, assignment and noncompetition provisions of this agreement. Plaintiffs

further allege that the defendants' application for the Cowatch patent incorporated the same subject matter contained in an application filed previously by plaintiff McCready and defendant Cowatch Jr. On each claim, plaintiffs seek the following relief: an award directing both defendants to assign the Cowatch patent to plaintiffs; an injunction prohibiting further disclosure of confidential trade secrets; an injunction prohibiting both defendants from assigning the Cowatch patent; and an accounting and award of all profits, royalties and monies received as a result of the Cowatch patent.

## II. Discussion

Section 1441(b) permits removal of "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States...." 28 U.S.C. § 1441(b). Section 1338(a), in turn, provides in relevant part that "[t]he district courts shall have original jurisdiction of any civil action arising under any act of Congress relating to patents.... Such jurisdiction shall be exclusive of the courts of the states in patent ... cases." 28 U.S.C. § 1338(a).

In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Supreme Court explained when an action arises under federal patent law:

> [I]n order to demonstrate that a case is one "arising under" federal patent law "the plaintiff must set up some right, title, or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction, of these laws." ... *A district court's federal question jurisdiction ... extends over "only those cases in which a well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," in that "federal law is a necessary element of one of the well pleaded ... claims."*

*Christianson*, 486 U.S. at 807, 108 S.Ct. at 2173 (citations omitted) (emphasis added).

The Court further explained the well-pleaded complaint rule in the context of a patent case:

> Under the well-pleaded complaint rule, as appropriately adapted to § 1338(a), whether a claim "arises under" patent law " 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.' " Thus, a case raising a federal patent-law defense does not, for that reason alone, "arise under" patent law, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit the defense is the only question truly at issue in the case." *On the other hand, merely because a claim makes no reference to federal patent law does not necessarily mean the claim does not "arise under" patent law. Just as "a plaintiff may not defeat removal by admitting to plead necessary federal questions in a complaint," so a plaintiff may not defeat § 1338(a) jurisdiction by omitting to plead necessary federal patent-law questions.*

*Christianson*, 486 U.S. at 809–10 and n. 3, 108 S.Ct. at 2174–75 (citations omitted) (emphasis added).

■ Because jurisdiction is asserted based upon 28 U.S.C. § 1338, the law of the Federal Circuit controls this case. *Panduit Corp. v. All States Plastic Manufacturing Co.*, 744 F.2d 1564, 1573 (Fed.Cir.1984).

■ Interpreting *Christianson*, the Court of Appeals for the Federal Circuit has held that a federal court may exercise jurisdiction where the plaintiffs' right to relief necessarily depends upon resolution of a substantial federal question, even though the cause of action was not created by federal law. *Additive Controls and Measurements System, Inc. v. Flowdata*, 986 F.2d 476, 478–79 (Fed. Cir.1993). Thus, if the plaintiffs' right to relief necessarily depends upon resolution of a substantial federal question in the present case, then this Court may properly exercise jurisdiction even though the cause of action

in this case, i.e., breach of contract, is not created by federal law.

Plaintiffs argue that this Court lacks subject matter jurisdiction because their claims arise solely under state contract law. Specifically, plaintiffs argue that they are seeking to enforce the terms of an employment agreement allegedly breached by defendant Cowatch Jr.

Defendants argue, however, that because the instant action seeks relief against defendant Cowatch Sr., who was not a party to the employment agreement, the case necessarily raises a substantial federal question that confers original jurisdiction on this Court. Specifically, defendants contend that because the action seeks a compelled assignment of the entire patent, plaintiffs' claims can only be successful if defendant Cowatch Jr. is found to be the sole inventor.

■ The line between cases that "arise under" the patent law and those that present only state law contract issues is "a very subtle one," *Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 969 n. 2 (4th Cir. 1990) (*quoting* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3582, at 307 (1984)), and the question leads down "one of the darkest corridors of the law of federal courts and federal jurisdiction." *Id.* (*quoting* Donald S. Chisum, *The Allocation of Jurisdiction Between State and Federal Courts in Patent Litigation*, 46 Wash.L.Rev. 633, 639 (1971)). It is well settled that an action based on a contract, which involves underlying patent rights, does not arise under the patent law. *See, e.g., Beghin–Say International v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1571 (Fed. Cir.1984) ("*Wilson v. Sandford* and its progeny have consistently held for over 130 years that contract disputes involving patents do not arise 'under any act of Congress relating to patents,' as required by 28 U.S.C. § 1338(a)." (citations omitted)).

Although the plaintiffs contend that this Court lacks jurisdiction based upon their decision to plead claims for breach of contract, they fail to explain how this case arises solely out of a contract when one of the defendants, Cowatch Sr., is not a party to the contract in question. Plaintiffs have not cited any authority for such a proposition and have failed to address, in any way, defendant Cowatch Sr.'s presence in this action. In fact, plaintiffs do not assert anywhere in their complaint that Cowatch Sr. breached any contractual provision. Moreover, plaintiffs' motion to dismiss petition for removal alleges only that Cowatch Jr. breached a contract. (Document No. 9, at ¶¶ 1–5). If Cowatch Jr. was the sole defendant in this case, this Court would, as plaintiffs argue, lack jurisdiction. However, because Cowatch Jr. is not the sole defendant, the jurisdictional issue is more complex.

Defendants contend that because the plaintiffs are seeking relief against Cowatch Sr., a party not in privity with plaintiffs, the plaintiffs are necessarily creating an inventorship dispute, i.e., that defendant Cowatch Jr. is the sole inventor or that neither is the actual inventor. This inventorship dispute, defendants argue, necessarily raises a substantial federal question that confers jurisdiction on this Court.

■ Inventorship and ownership are separate issues. *Beech Aircraft Corp. v. Edo Corp.*, 990 F.2d 1237, 1248 (Fed.Cir.1993). Inventorship is "a question of who[m] actually invented the subject matter claimed in a patent. Ownership, however, is the question of who[m] owns legal title to the subject matter in a patent...." *Id.* Despite plaintiffs' assertions that they are not seeking a determination of inventorship, but rather are seeking a mere determination of ownership, their complaint necessarily requires the resolution of the inventorship issue in order to obtain the requested relief.

In *MCV, Inc. v. King–Seeley Thermos Co.*, 870 F.2d 1568 (Fed.Cir.1989), the Court of Appeals for the Federal Circuit held that a complaint raising an inventorship dispute arose under the federal patent law and was properly removed to federal court. The Court in *MCV* reasoned that the cause of action was created by federal law, i.e., 35 U.S.C. § 256,[1] and that the requested relief

---

1. Section 256 provides:
Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued

necessarily depended upon the resolution of a substantial federal question, i.e., inventorship. *Id.* at 1570. The Court found that a substantial federal question is raised when "co-ownership arises from and solely on the patent law issue of inventorship." *Id.* at 1571.

Although the plaintiffs' claims asserted in their complaint are not created by federal law, their well-pleaded complaint necessarily depends on the resolution of a substantial federal question under the *MCV* decision. This Court will not allow the plaintiffs to deny the defendants "a federal forum when the plaintiff[s'] complaint contains a federal claim 'artfully pled' as a state law claim." *United Jersey Banks v. Parell,* 783 F.2d 360, 367 (3d Cir.), *cert. denied sub nom., First Fidelity Bancorporation v. Parell,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986). Therefore, this Court will assert jurisdiction and deny plaintiffs' motion to remand.

patent and such error arose without any deceptive intention on his part, the commissioner may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.

The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the commissioner shall issue a certificate accordingly.

35 U.S.C. § 256 (1984). While the Court's holding in *MCV* was based on both the existence of a federal cause of action and a substantial federal question, the Court clearly found that an inventorship dispute raised a substantial federal question. *MCV,* 870 F.2d at 1570–71.