## Minatronics Corporation v. Buchanan Ingersoll P.C. (No. 2)

*Steven A. Haber, Gregory D. Saputelli* and *Albert C. Odermatt, Jr.,* for plaintiff.

*David B. Fawcett* and *Leland P. Schermer,* for defendant Buchanan Ingersoll.

*George Raynovich,* defendant, pro se.

*John R. McGinley,* for defendant Adams.

WETTICK, *J.,* February 7, 1996—The subject of this opinion and order of court is the joint motion of Buchanan Ingersoll P.C. and John M. Adams to dismiss for lack of subject matter jurisdiction all claims based on the loss of patent rights.

In March 1986, plaintiff, Minatronics, retained defendant law firm to obtain appropriate patents for a fiber optic security system. The law firm assigned the matter to defendant John M. Adams, a patent attorney employed by the law firm. Mr. Adams submitted a patent application to Minatronics in February 1987. It was reviewed by Minatronics' president, signed by the inventors, and returned to Mr. Adams. Shortly thereafter, Mr. Adams advised Minatronics that the application had been filed. In subsequent contacts with Minatronics over more than a two-year period, Mr. Adams advised Minatronics that the patent process was proceeding as expected.

However, Mr. Adams never filed any patent application. This was not discovered by Minatronics or by other members of defendant law firm until April 1990. At that time, the statutory period for filing a patent application for Minatronics' invention had long expired.

The complaint filed at no. GD90-20422 and Counts I-XI of the complaint filed at no. GD92-7496 raise state-law tort and contract claims based on Mr. Adams' failure to file a patent application and the concealment of his failure to do so. Following the completion of discovery in this case, defendants have filed various motions for summary judgment. This opinion and order of court addresses defendants' motion that the tort and contract claims based on Mr. Adams' failure to file a patent application and the concealment of his failure to do so be dismissed for lack of subject matter jurisdiction.[1]

I recognize that in this case there are disputes over the scope of the patent protections, if any, Minatronics would have obtained if a timely patent application had been filed. Consequently, in deciding Minatronics' state-law tort and contract claims, it will be necessary to resolve questions of federal patent law. However, I am denying defendants' motion to dismiss for lack of subject matter jurisdiction because I reject defendants' contention that the federal courts have exclusive jurisdiction whenever a plaintiff's right to relief in a lawsuit based

---

1. It does not matter that defendants could have raised this defense through preliminary objections or that they are initially raising this defense after counsel for both parties have spent hundreds of hours preparing this case for trial. Lack of subject matter jurisdiction may be raised at any time because the parties cannot confer subject matter jurisdiction on a court that is without subject matter jurisdiction. Pa.R.C.P. 1032; *LeFlar v. Gulf Creek Industrial Park No. 2,* 511 Pa. 574, 515 A.2d 875 (1986).

on state law involves an interpretation of federal patent law.

In this case, no patent has been issued to Minatronics and none will be issued in the future. Consequently, any ruling made in this litigation will not have any impact on the federal patent program. Defendants have not cited any cases in which (1) a state court has been precluded from deciding state-law tort and contract claims that do not have any impact on the federal patent program simply because the claims involve interpretations of federal patent law or (2) a federal court has ruled that it may exercise jurisdiction over state-law tort and contract claims the resolution of which will have no impact on the federal patent program solely on the ground that resolution of these tort and contract claims will require interpretations of federal patent law. Compare *Milprint Inc. v. Curwood Inc.,* 562 F.2d 418, 420 (7th Cir. 1977) ("there is no exclusive federal jurisdiction over *questions* arising under the patent laws; only *cases* so arising may be brought in the federal courts" and "diversity being absent, [the state court royalties suit] could have been brought nowhere else but in a state court").

State courts frequently construe federal legislation; in fact, federal legislation frequently gives state courts concurrent jurisdiction over claims based on federal legislation. Thus, a state court does not lose jurisdiction over a claim upon a showing that the resolution of the claim will involve interpretations of federal law. *Hathorn v. Lovorn,* 457 U.S. 255, 266 n.18, 102 S.Ct. 2428-29 n.18 (1982); *Engle v. West Penn Power Co.,* 366 Pa. Super. 104, 111, 530 A.2d 913, 916-17 (1987). See *e.g., Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229 (1986), where the court ruled that a lawsuit filed in a state court seeking to

impose liability on defendants for violating federal law was not a civil action arising under the laws of the United States.

Defendants contend that Minatronics' claims should be characterized as civil actions arising under an Act of Congress relating to patents within the meaning of 28 U.S.C. §1338(a) which reads as follows:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the state in patent, plant variety protection and copyright cases."

Defendants cite federal case law holding that section 1338(a) gives federal courts jurisdiction over causes of action created by federal patent law and causes of action whose resolution depends upon a substantial question of federal patent law. However, the case law referring to causes of action whose resolution depends upon a substantial question of federal patent law involves claims in which the relief which a court may provide may have an impact on patents that have been or may be issued. I am not aware of any cases in which a court has ruled that a lawsuit which will have no impact on any patent that has been issued or may be issued in the future has been classified as a "civil action arising under any Act of Congress relating to patents" within the meaning of section 1338(a).

Furthermore, even if I agreed with defendants that Minatronics' claims constituted causes of action arising under an "Act of Congress relating to patents" within the meaning of section 1338(a), this would not mean that this court lacks subject matter jurisdiction over Minatronics' claims. Section 1338(a) provides that a federal district court shall have original jurisdiction over

any civil action "arising under any Act of Congress relating to patents" and that jurisdiction "shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." Defendants have not cited any case law that would permit me to characterize any of Minatronics' claims as "patent cases." At the very most, Minatronics' claims raise patent questions arising under an Act of Congress relating to patents, which questions are incidental to claims arising under state law and for which the state courts have concurrent jurisdiction. *Pratt v. Paris Gaslight & Coke Co.,* 168 U.S. 255, 259, 18 S.Ct. 62, 64 (1897) ("There is a clear distinction between a case and a question arising under the patent laws. The former arises when the plaintiff in his opening pleading . . . sets up a right under the patent laws as ground for a recovery. Of such the state courts have no jurisdiction. The latter may appear in the plea or answer or in the testimony. The determination of such question is not beyond the competency of the state tribunals."); *Jacobs Wind Electric Co. Inc. v. Florida Department of Transportation,* 919 F.2d 726, 728 (Fed. Cir. 1990) ("Further, although a state court is without power to invalidate an issued patent, there is no limitation on the ability of a state court to decide the question of validity when properly raised in a state court proceeding."); *Imperial Appliance Corp. v. Hamilton Manufacturing Co.,* 430 F.2d 185, 187 (7th Cir. 1970); *Van Products Co. v. General Welding and Fabricating Co.,* 419 Pa. 248, 253-54, 213 A.2d 769, 772 (1965) ("[I]f the validity of a patent or patentability is the principal issue involved, then the jurisdiction of the federal courts is exclusive. However, [when] patent rights are only indirectly involved . . . jurisdiction is properly in the courts of this Commonwealth."); *Ogontz Controls Co. v. Pirkle,* 346 Pa. Super. 253, 256-

57, 499 A.2d 593, 595 (1985); *Aetna-Standard Engineering Co. v. Rowland,* 343 Pa. Super. 64, 68, 493 A.2d 1375, 1377 (1985); *Consolidated Kinetics Corp. v. Marshall, Neil & Pauley Inc.,* 521 P.2d 1209, 1212 (Wash. 1974) ("[S]tate court has jurisdiction to consider the issue of patent validity as a defense to the action [to recover patent royalties].").

Minatronics' causes of action are based solely on Pennsylvania law. "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586 (1916). See also, *Berg v. Leason,* 32 F.3d 422 (9th Cir. 1994); *Heath v. Zenkich,* 437 N.E.2d 675 (Ill.App. 1982). To quote Mr. Justice Holmes, "The state is master of the whole matter, and if it saw fit to do away with actions of this type altogether, no one, we imagine would suppose that they still could be maintained under the patent laws of the United States." *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. at 260, 36 S.Ct. at 586.

In this case, Minatronics claims only that defendants breached duties that they owed Minatronics under Pennsylvania tort law and Pennsylvania contract law; the only relief sought is the award of money damages under Pennsylvania law. Patent laws may be involved in determining whether defendants breached duties they owed Minatronics under state tort and state contract law and in determining the damages which Minatronics sustained from defendants' failure to obtain patent protection for Minatronics' invention. When patent rights are indirectly involved in a lawsuit based solely on state-law causes of action, the Pennsylvania courts may exercise jurisdiction. See *Van Products Company v. General Welding and Fabricating Company, supra* at 254,

213 A.2d at 773, where the Supreme Court of Pennsylvania said:

"And while patent laws may be involved, if they are purely incidental and collateral to the main issue of the case, and if jurisdiction exists over the parties and the subject matter in all other respects, our courts are not precluded from acting under their general equity powers: *Quaker State Oil Refining Co. v. Talbot,* 322 Pa. 155, 185 A. 586 (1936). See also, *Becher v. Contoure Laboratories Inc.,* 279 U.S. 388[, 49 S.Ct. 356, 73 L.Ed. 752] (1929); *Pratt v. Paris Gas Light & Coke Company,* 168 U.S. 255[, 18 S.Ct. 62, 42 L.Ed. 458] (1897); *Hyde Corp. v. Huffines,* 158 Tex. 566, 314 S.W.2d 763 (1958); *Bert Lane Co. Inc. v. International Industries Inc.,* 84 So.2d 5 (Fla. 1955); *H.J. Heinz v. Superior Court in and for Alameda County,* 42 Cal.2d 164, 266 P.2d 5 (1954); *L.A. Young Spring & Wire Corp. v. Falls,* 293 Mich. 602, 292 N.W. 498 (1940); Annot., 170 A.L.R. 449, 495 (1947); and, 3 Robinson, Patents §858 (1890)."

Defendants rely on three cases to support their position that this court has no subject matter jurisdiction: *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166 (1988); *Additive Controls & Measurement Systems Inc. v. Flowdata Inc.,* 986 F.2d 476 (Fed. Cir. 1993); and *RustEvader Corp v. Cowatch,* 842 F. Supp. 171 (W.D. Pa. 1993).

The fact situation and holding in *Christianson v. Colt Industries Operating Corp.* have no relationship to the present case. Defendants cite *Christianson* because of its discussion of what constitutes a case arising under an Act of Congress relating to patents. The court stated that a claim can arise under an Act of Congress relating to patents even though the claim does not make a ref-

erence to federal patent law. The court also stated that a claim arises under an Act of Congress relating to patents if federal patent law creates the cause of action or if the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal patent law in that patent law is a necessary element of one of the well-pleaded claims.

*Christianson,* however, does not assist defendants in overcoming the two problems that I have with their contention that this court lacks subject matter jurisdiction. First, the statement that a federal court may exercise jurisdiction where the right to relief depends upon the resolution of a substantial question of federal patent law is made in the context of a case in which the trial court had invalidated nine of the defendant's patents and had enjoined the defendant from enforcing any form of trade secret. There is nothing in the *Christianson* opinion suggesting that "a civil action arising under any Act of Congress relating to patents" encompasses state-law tort and contract claims which will have absolutely no impact upon the value and scope of any patent. Second, the *Christianson* court was not addressing the issue of exclusive federal jurisdiction. It was discussing the provision of section 1338 which gives district courts original jurisdiction of civil actions arising under Acts of Congress relating to patents.

Federal jurisdiction in *Christianson* was based on 28 U.S.C. §1332 (diversity of citizenship) and 15 U.S.C. §§4, 15, and 26 (sections of the federal Monopolies and Combinations in Restraint of Trade laws). *Christianson v. Colt Industries Operating Corp.,* 613 F. Supp. 330, 331 (D.C. Ill. 1985). The unstated implication of the Supreme Court's holding that this was not a civil action arising under an Act of Congress relating to

patents is that absent diversity or antitrust jurisdiction there would have been no federal jurisdiction at all. "Since no one asserts that federal jurisdiction rests on petitioners' state-law claims, the dispute centers around whether patent law 'is a necessary element of one of the well-pleaded [antitrust] claims.'" *Christianson,* 486 U.S. at 809, 108 S.Ct. at 2174. (citation omitted)

The district court in *Christianson* had found that nine of defendant's patents were invalid from their inception. 613 F. Supp. at 331. An analogy of the facts in *Christianson* to the facts in this case might suggest that where plaintiff's state-law claims turn on a finding of patentability (rather than patent invalidity), there is not only no exclusive jurisdiction, but absent diversity, no original federal jurisdiction at all.

Defendants argue in their reply brief that *Christianson* impliedly superseded prior Supreme Court cases, and in particular, *American Well Works Co. v. Layne & Bowler Co., supra.* However, *American Well Works* has been cited as authority since the *Christianson* decision. See *e.g., American Policyholders Insurance Co. v. Nyacol Products Inc.,* 989 F.2d 1256, 1262 (1st Cir. 1993); *Provident Life & Accident Insurance Co. v. Waller,* 906 F.2d 985, 988 (4th Cir. 1990); *Arthur Young & Co. v. City of Richmond,* 895 F.2d 967, 970 (4th Cir. 1990). In *Additive Controls & Measurement Systems Inc. v. Flowdata, supra,* one of the three cases upon which defendants rely, the federal circuit opinion cites both *Christianson* and *American Well Works,* which the court carefully distinguishes from the fact situation before it. *Id.* at 478-79. The *Christianson* opinion itself cites *Pratt v. Paris Gaslight & Coke Co., supra.*

In *Additive Controls & Measurements Systems Inc. v. Flowdata Inc., supra,* the plaintiffs brought an action in the Texas state courts for damages and injunctive

relief against a patent holder for interfering with the plaintiff's business operations. The interference consisted of letters sent by the defendant to the plaintiff's customers and potential customers stating that the plaintiff's product infringed on the defendant's patent and that the defendant was in the process of taking legal action. The defendant filed a notice of removal to the federal district court on the ground that the district court had original jurisdiction of the action under section 1338(a). The district court issued an injunction barring the plaintiff from infringing upon the defendant's patent. The plaintiff moved to remand to state court for lack of subject matter jurisdiction and the motion was denied. On appeal, the Federal Circuit ruled that the federal district court had jurisdiction under section 1338 because the plaintiff's right to relief depended upon the plaintiff showing that its product did not infringe upon the defendant's patent. Thus, this case—unlike the present case—involved state-law claims whose resolution would have a direct impact on patents issued under federal patent laws.

In *RustEvader v. Cowatch, supra,* the plaintiffs instituted a lawsuit in the Common Pleas Court of Blair County based on the defendants' filing of a patent application and receiving a patent as joint inventors. The plaintiffs claimed that the defendants' application for the patent incorporated the same subject matter contained in an application previously filed by one of the plaintiffs and one of the defendants. The plaintiffs sought a court order directing the defendants to assign the patents to the plaintiffs, an injunction prohibiting the defendants from assigning the patent to any third person, and an accounting and award of all profits received as a result of the patent. The defendants removed the case to federal court. The federal court denied the plain-

tiffs' motion to remand. It held that this was an action arising under an Act of Congress relating to patents because the plaintiffs had created an inventorship dispute. The court cited 35 U.S.C. §256 which allows a federal court to order the correction of a patent in order to correctly identify the inventor. Thus, this case is not controlling because it also involved claims for relief that would directly affect a patent that had been issued to the defendants under federal patent laws.[2]

For these reasons, I enter the following order of court:

## ORDER

On February 7, 1996, it is hereby ordered that defendants' motion requesting dismissal for lack of subject matter jurisdiction of plaintiff's tort and contract claims raised in the complaint filed at GD90-20422 and in Counts I-XI of the complaint filed at GD92-7496 is denied.

---

2. Also, the sole issue in *Additive Controls and Measurement Systems Inc. v. Flowdata Inc., supra* and *RustEvader v. Cowatch, supra* was whether the federal courts could exercise original jurisdiction. The courts were not deciding whether federal jurisdiction was exclusive.