*1366 O’MALLEY, Circuit Judge,
concurring.
I concur in full in parts I, III, and IV of the majority opinion. I also concur in the result in part V, but not in the entirety of its reasoning. Finally, while I must concur in the result in part II, I write separately because I believe the case law upon which part II is premised should be reconsidered by the Court en banc.
I.
I will not repeat or further comment on the careful analysis in parts I, III, and IV of the majority opinion. I simply note my agreement with them.
II.
I agree with the conclusion in part V that the Damages Order must be vacated. I also agree that one of the reasons that order must be vacated is that the trial court erred in concluding that the reissue claims necessarily encompass the full scope of the claims in the '916 divisional application. There are, however, additional reasons why the Damages Order must be vacated.
First, to the extent the Damages Order capped the damages Landmark could seek at trial, the in limine ruling was wrong even if the trial court’s analysis of the scope of the reissue claims was correct. Given the less-than-linear process that ultimately led to issuance of the '953 reissue patent and governing law that prohibits applicants from using the reissue statute to recapture claims previously lost in improperly prosecuted divisional applications, the claims in the '953 reissue patent remain subject to a validity challenge if and when Landmark attempts to enforce them in an infringement action. To the extent that threat diminishes the value of the '953 reissue patent to Landmark and Landmark can proffer credible, persuasive and admissible evidence to that effect, reasonable jurors could predicate a damages award in favor of Landmark on such evidence.
The Damages Order also must be vacated for a more fundamental reason. The trial judge assumed that the motion in limine which gave rise to the Damages Order was a motion which presented a pure question of law, put to him to answer rather than to the trier of fact. That assumption was understandable since, in a patent infringement action, claim scope is an issue for the trial judge alone. See, e.g., Cybor Corp. v. FAS Techs. Inc., 138 F.3d 1448, 1454 (Fed.Cir.1998). This is not an infringement action, however.
This is a fraud action, governed by state law, not patent law or patent practice. It is an action, moreover, where any ruling on the scope of the claims in the '953 or the '916 divisional application will have no bearing or substantive effect on the actual scope of those claims. The question of claim scope impacts only the questions of causation and the type of recoverable damages Landmark can claim. As such, they are questions for the trier of fact, not the trial judge.
While a trial judge always may conclude that no reasonable trier of fact could reach a different conclusion than he on questions presented in a motion in limine, that is not what the trial judge did here. Not once did he address what a reasonable juror might or might not conclude on the facts presented. Instead, apparently with the parties’ blessings, he treated the issue as he would be required to do in a patent infringement trial. That was error—understandable error—but error nonetheless.
III.
I now turn to part II of the opinion, where the jurisdictional predicate for our *1367 judgment is discussed. While I agree that our current case law compels this panel to exercise jurisdiction over this appeal, I believe our Court should reconsider that case law en banc. I hold this view for the reasons detailed in my dissent from the denial of rehearing en banc in Byrne v. Wood, Herron & Evans, LLP, 676 F.3d 1024 (Fed.Cir.2012) (O’Malley, J„ dissenting from denial of petition for rehearing en banc) and in my concurrence in USPPS, Ltd. v. Avery Dennison Corp., 676 F.3d 1341 (Fed.Cir.2011) (O’Malley, J., concurring). I incorporate those discussions by reference here; there is no need to repeat them.
Turning to the particular facts of this case, the mischief our case law in this area has caused is apparent. The malpractice action arising from the facts the majority details was filed in California state court in 2005. JAI139-49. At that point, it was commonly understood that state law malpractice claims arising out of legal representation involving federal matters—including patent matters—-were properly lodged in state courts and, absent diversity among the parties, only state courts. See, e.g., Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C., 409 F.Supp.2d 788 (E.D.Mich.2005) (remanding a legal malpractice claim alleging negligent patent prosecution); New Tek Mfg., Inc. v. Beehner, 270 Neb. 264, 702 N.W.2d 336 (2005) {“New Tek /”) (finding that state court jurisdiction is proper over a malpractice claim in which the plaintiff would have to prove, under its properly construed patent claims, that it would have prevailed in a patent infringement action).[1] Not one of the three defendants—all sophisticated lawyers with sophisticated counsel—challenged the state court’s jurisdiction over this action at the time it was filed, or for years thereafter.
In 2007, two years after the action was filed in state court, this court affected a sea change by announcing its assertion of jurisdiction over these types of state law claims. See Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P., 504 F.3d 1262 (Fed.Cir.2007); Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281 (Fed.Cir.2007). By then, the statute of limitations governing Landmark’s malpractice claim had expired. A year after our decision in Air Measurement, appellees filed a motion to dismiss in state court, which was granted based on our case law.
California has no savings statute, however, and, by statute, prohibits application of equitable tolling principles to malpractice claims, causing Landmark’s malpractice claim to be lost forever. Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP, 2008 WL 4483817 (N.D.Cal. Oct. 2, 2008). Thus, although Landmark filed its federal action on the same day the state court dismissed it, Landmark could no *1368 longer assert a malpractice claim against Kohler and MLB. Id. In other words, a cause of action which—given the undisputed facts—was far from frivolous, which arises under and was governed by state law, and which all parties agreed for years had been properly asserted in California state court, was irretrievably lost by our disruption of the parties’ well-settled expectations in this area.
For all the reasons articulated in my dissent from the denial of rehearing en banc in Byrne and because, as in this case, our case law in this area treads unduly into matters which are—and should remain— governed by state law, I encourage our court to address the scope of our jurisdiction in these matters en banc.

. See also IMT, Inc. v. Haynes & Boone, L.L.P., 1999 WL 58838 (N.D.Tex. Feb. 1, 1999) (remanding a legal malpractice claim to state court where the plaintiff alleged that its attorney’s negligence in filing a continuation-in-part patent application instead of a new patent application raised questions about the patent's validity and enforceability); Commonwealth Film Processing, Inc. v. Moss & Rocovich, P.C., 778 F.Supp. 283 (W.D.Va.1991) (remanding malpractice action based on an attorney's alleged lack of patent knowledge); Minatronics Corp. v. Buchanan Ingersoli P.C., 28 Pa. D. & C.4th 214 (Pa.Comm.Pl.1996) (finding no jurisdiction over a claim for malpractice based on a missed patent application filing deadline, even though the court would have to determine whether a patent would have issued); Fotodyne, Inc. v. Barry, 152 Wis.2d 405, 449 N.W.2d 337 (Wis.Ct.App. Sept. 26, 1989) (unpublished) (finding that state court jurisdiction is proper in a malpractice action based on an attorney's failure to notify his client that the PTO had rejected his patent application).