**84 LUMBER COMPANY, Plaintiff,**

v.

**MRK TECHNOLOGIES, LTD., PSC Scanning, Inc. and Telxon Corporation, Defendants.**

**CIV. A. No. 01–221.**

United States District Court, W.D. Pennsylvania.

May 30, 2001.

Sandy Garfinkel, Lauren E. Lindh, Eckert, Seamans, Cherin & Mellott, Pittsburgh, PA, for plaintiff.

Craig W. Jones, Reed, Smith, Shaw & McClay, Pittsburgh, PA, Timothy Manning, Arter & Hadden, Cleveland, OH, for MRK Technologies, Ltd.

Leland P. Schermer, Gregg D. Orsag, Metz, Schermer & Lewis, Pittsburgh, PA, Eric J. Lobenfeld, Clifford, Chance, Rogers & Wells, New York City, for PSC Scanning, Inc. and Telxon Corp.

### Memorandum Opinion and Order

COHILL, District Judge.

For the reasons set forth below, we are satisfied that we have subject matter jurisdiction over this matter and that it has been properly removed to this court.

### Background

Defendants PSC Scanning, Inc. ("PSC"), and Telxon Corporation ("Telxon") manufacture hand-held laser devices which are used to scan bar codes on merchandise. MRK Technologies, Ltd. ("MRK"), distributes Telxon equipment. Plaintiff 84 Lumber Company ("84 Lumber") purchased equipment from these companies (collectively "the defendants"), to use in its bar code scanning system. Subsequently, 84 Lumber was one of a number of defendants sued for patent infringement by the

Lemelson Medical, Education & Research Foundation, LP ("Lemelson"), in the United States District Court for the District of Arizona (the "Lemelson Suit").

84 Lumber settled the Lemelson Suit for forty thousand dollars. It then filed a one count complaint against the defendants in the Court of Common Pleas of Washington County, Pennsylvania, alleging breach of the implied warranty against infringement, 13 Pa.C.S.A. § 2312(c), and seeking monetary damages in the amount of the settlement.

Defendants timely filed a notice of removal in this Court, asserting federal jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1441. Mindful of our responsibility to ascertain our own jurisdiction, we ordered briefs and heard argument on whether or not we have jurisdiction over the plaintiffs' claims. Plaintiff contends that we are without subject matter jurisdiction, and that the action must be remanded to state court.

## Discussion

### (i)

■ Since jurisdiction is asserted based upon 28 U.S.C. § 1338, the law of the Federal Circuit controls this case. *Panduit Corp. v. All States Plastic Manufacturing Co.*, 744 F.2d 1564, 1573 (Fed.Cir. 1984). The statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents. Such jurisdiction shall be exclusive of the courts of the states in patent cases." 28 U.S.C. 1338(a).[1]

In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the United States Supreme Court addressed the question of when a case arises under federal patent law:

> [I]n order to demonstrate that a case is one "arising under" federal patent law "the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws."

*Christianson*, 486 U.S. at 807, 108 S.Ct. 2166 (citations omitted).

■ In any civil action, a district court's federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," in that "federal law is a necessary element of one of the well-pleaded ... claims." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Under the well-pleaded complaint rule, as adapted to § 1338(a), "jurisdiction likewise extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Chris-*

---

1. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1441(a) and (b), an action "founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties" to the "district embracing the place where such action is pending." Thus, if 84 Lumber's complaint arises under federal patent law under § 1338(a), it has properly been removed under § 1441 to this Court.

*tianson,* 486 U.S. at 809, 108 S.Ct. 2166 (citations omitted).

■ Whether a claim "arises under" patent law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Christianson,* 486 U.S. at 809, 108 S.Ct. 2166 (citations omitted). For that reason, a case raising a federal patent law defense does not arise under patent law, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.,* (quoting *Franchise Tax Board,* 463 U.S. at 10, 103 S.Ct. 2841).

■ 84 Lumber contends that its claims arise solely under state contract law, and that we therefore are without subject matter jurisdiction and must remand to state court. The defendants argue that we have jurisdiction because plaintiff's claims cannot be decided without resolving a substantial question of federal patent law.

As other courts faced with making this distinction have noted, "[t]he line between cases that 'arise under' the patent law and those that present only state law contract issues is 'a very subtle one.' " *Rustevader Corp. v. Cowatch,* 842 F.Supp. 171, 173 (W.D.Pa.1993) (quoting *Arthur Young & Co. v. City of Richmond,* 895 F.2d 967, 969 n. 2 (4th Cir.1990); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3582 at 307 (1984)).

### (ii)

Under the well-pleaded complaint rule and *Christianson,* we turn first to the plaintiff's complaint. The one-count complaint includes the following allegations:

¶ 13. By virtue of Defendants' sale to 84 Lumber of the Scanning Equipment, Defendants impliedly warranted to 84 Lumber that the Scanning Equipment would be free from any rightful claim concerning intellectual property infringement. 13 Pa.C.S.A. § 2312.

¶ 14. Defendants have caused damage to 84 Lumber by way of Defendants' breach of their implied warranty against infringement.

¶ 17. Defendants have breached the implied warranty against patent infringement that goods shall be delivered free of the rightful claim of any third person.

On its face, then, the complaint states claims sounding only in state law. Therefore we have jurisdiction only if 84 Lumber's right to relief "necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson,* 486 U.S. at 809, 108 S.Ct. 2166.

Plaintiff seeks relief under the implied warranty of infringement, 13 Pa.C.S.A. § 2312. The statute provides, in pertinent part, as follows:

§ 2312. **Warranty of title and against infringement; obligation of buyer against infringement**

(c) **Warranty of merchant regularly dealing in goods.**—Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like....

Pa.C.S.A. § 2312(c).

To prove that defendants breached this warranty, then, 84 Lumber must show (1) that the defendants were merchants regularly dealing in goods of the kind; (2) that the goods were delivered; and (3) that the

goods were not delivered free of the rightful claim of infringement of any third party. For the purposes of the jurisdictional question before us, the parties do not dispute the first two elements. They disagree, however, as to whether we must decide a substantial question of federal patent law in order to determine that the goods were delivered free of a rightful claim of infringement, and, in particular on the meaning of "rightful claim." The phrase has not been construed in this specific context.

### (iii)

Defendants refer us to several cases where claims brought under state law were successfully removed to federal court under § 1338 because they arose under federal patent law. In *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, for example, plaintiff filed a claim of business disparagement under a Texas state statute. 986 F.2d 476 (Fed.Cir.1993). The district court denied plaintiff's motion to remand because, under Texas law, a claim of business disparagement required proof of the falsity of the alleged statements. The allegedly disparaging statement was Flowdata's accusation that the plaintiff had infringed Flowdata's patent. Since proof relating to patent infringement was a necessary element of plaintiff's claim, the claim was one arising under federal patent law and jurisdiction was proper under § 1338. *Id.* at 478.

Similarly, the plaintiff in *U.S. Valves, Inc. v. Dray* sued for breach of contract under Illinois law, claiming that Dray was manufacturing and selling valves covered by licensed patents. 212 F.3d 1368 (Fed. Cir.2000). Since Dray sold a number of different types of valves, in order to determine whether some of the valves were covered by the licensed patents the court had to interpret the patents and determine whether the valves infringed. Thus patent law was a necessary element of the breach of contract action, and appellate jurisdiction was proper in the Federal Circuit. *Id.* at 1372.

Defendants contend that "rightful claim" is "a just or legally established claim," or "[a] legally enforceable claim". Reply Br. at 4, n. 5 (quoting *Webster's Ninth New Collegiate Dictionary*, 1015 (9th ed.1990); *Black's Law Dictionary*, 1324 (6th ed.1990)). Defendants' argument here is that a court cannot determine whether or not they must indemnify 84 Lumber for the value of its settlement of the Lemelson Suit, without first finding that Lemelson had a rightful, legally enforceable claim of infringement. Patent law, therefore, is a necessary element of plaintiff's breach of contract action, and it has been properly removed to district court.

The gist of the plaintiff's argument that we should remand to state court is that a "rightful claim" does not require a determination of actual liability, and thus disposition of the complaint does not require the resolution of a substantial question of federal patent law. Any patent issues that may need to be addressed are merely tangential, and may be competently adjudicated by the Pennsylvania state courts.

Plaintiff adopts a definition of "rightful claim" as a reasonable belief that the alleged infringement will be upheld, which is quoted in a leading treatise on the Uniform Commercial Code. *White & Summers* § 9–12 at 538 (4th ed.1995). Addressing § 2–312(3), White and Summers pose, but do not answer, the question of whether the warranty against infringement is breached whenever a buyer "incurs litigation expenses in successfully defending against an infringement claim?" They continue, "[o]ne commentator has opined: 'A rightful claim is one where the buyer or seller reasonably believes that a third party's infringement charge would probably be

upheld by the courts.'" *Id.* (quoting Dundine, *Warranties Against Infringement Under the Uniform Commercial Code,* 36 N.Y.S.B.F. 214, 219 (1964)). White and Summers reinforce the fact that there is a dearth of precedent to guide our decision here. After quoting Dundine's proposed definition of a rightful claim, the commentators emphasize that this is a problem yet to be worked out by the courts, "which have hardly been inundated with 2–312(3) cases." *Id.*

■ The plaintiff also refers us to *Cover v. Hydramatic Packing Co., Inc.,* 83 F.3d 1390 (Fed.Cir.1996), a case in which the Federal Circuit assessed the relationship between the patent code and § 2312(c) of the Pennsylvania statutes. *Cover,* however, is inapposite. To begin with, the opinion analyzed the last clause of subsection (c), which states: "but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications." 13 Pa.C.S.A. § 2312(c). The hold harmless clause is not at issue in the case at bar. Furthermore, *Cover* was solely concerned with the question of preemption, an issue which is not presented by the case before us. And, contrary to plaintiff's assertion that the case was remanded to state court "as the only claim remaining was one for indemnity against another alleged infringer," the action was initially filed in federal court as a patent infringement action, and remanded back to the Eastern District of Pennsylvania which entered judgment for Hydramatic. Packing Co. Pl.'s Br. at 5; *Cover v. Hydramatic Packing Co.,* 42 U.S.P.Q.2d 1305 (E.D.Pa.1997). The court of appeals in *Cover* does not construe the phrase "rightful claim." In dicta, however, the Federal Circuit suggests that a rightful claim does not require a finding of absolute patent liability, a construction with which we do not disagree. 83 F.3d at 1394.

### (iv)

If claims of patent infringement are seen as marks on a continuum, whatever a "rightful claim" is would fall somewhere between purely frivolous claims, at one end, and claims where liability has been proven, at the other.

However, we need not decide precisely what constitutes a rightful claim of patent infringement in order to conclude that plaintiff's claims, as stated in the complaint, cannot be addressed without inquiring into the nature of Lemelson's allegations that 84 Lumber's use of the scanning equipment infringed his patents. Even if we were to adopt plaintiff's contention that because it had a reasonable belief that Lemelson would succeed, this establishes that Lemelson had a "rightful claim" under § 2312(c), we cannot analyze the reasonableness of such belief without comparing the scope of the patents at issue with the allegedly infringing products. We must have some indicia that Lemelson's claim that the defendants infringed his patents had merit. We cannot impose liability on the defendants based solely upon the plaintiff's subjective belief and representation that it thought Lemelson was likely to win.

Plaintiff seeks indemnification, under the Pennsylvania statute, because Lemelson asserted a rightful claim of patent infringement against it. Thus plaintiff's claims cannot be resolved without also deciding a substantial issue of federal patent law, namely, that there was an adequate basis for Lemelson's assertion that defendants' products infringed his patents. This would involve, at a minimum, comparing Lemelson's patents with the defendants' goods.

### Conclusion

For the foregoing reasons, we find that we have jurisdiction over this matter under 28 U.S.C. § 1338(a), and the action will proceed in this court.

An appropriate Order follows:

AND NOW, to-wit, this day —— of May, 2001, it is hereby ORDERED, ADJUDGED, and DECREED that we have jurisdiction over this matter under 28 U.S.C. § 1338(a) and it has been properly removed to this federal district court.