plan could void defendants' lien under 11 U.S.C. § 1322(b)(2).

The judgment of the District Court is hereby affirmed.

Patricia YAK, Plaintiff–Appellant,

v.

**BANK BRUSSELS LAMBERT, BBL (USA) Holdings Inc. and Dominiek Vangaever, Defendants–Appellees.**

**Docket No. 00–7821.**

United States Court of Appeals, Second Circuit.

Argued Feb. 2, 2001.

Decided June 1, 2001.

---

Daniel A. Osborn, Beatie and Osborn LLP, New York, NY, for Plaintiff–Appellant.

Michael Davies, Coudert Brothers, New York, NY, for Defendants–Appellees.

Before STRAUB, POOLER, Circuit Judges, and MUKASEY, District Judge.*

POOLER, Circuit Judge:

Patricia Yak, an attorney, entered into a consulting agreement with BBL (USA) Holdings, Inc. ("BBL") in October 1997. That agreement specified Yak would work as an independent contractor, and as an independent contractor, she would not be "entitled to any employee benefits." The consulting agreement was renewed in April 1998, and amended in September 1998 (collectively, the "Consulting Agreements"). The clauses defining Yak's status and lack of benefits remained the same. When Yak ended her employment

---

* Hon. Michael D. Mukasey, Chief Judge, Southern District of New York, sitting by designation.

with BBL, she sought unemployment benefits. Deeming her an employee and not an independent contractor, the Department of Labor awarded her benefits. The Internal Revenue Service also determined Yak's proper status was one of employee, not independent contractor. Armed with these administrative decisions, Yak sought restitution from BBL for a variety of employee benefits. When BBL refused to pay, Yak brought the instant suit. Yak did not reference the Consulting Agreements in her complaint or attach copies of the Consulting Agreement to her papers. Defendants, however, attached copies to their Fed.R.Civ.P. 12(b)(6) pleadings. In considering defendants' motion to dismiss, the district court reviewed and relied on the Consulting Agreements and held that even if Yak functioned as an employee rather than an independent contractor, she waived her rights to any employee benefits. Yak's lawsuit was dismissed. For the reasons given below, we vacate the district court's judgment and remand for further proceedings.

## BACKGROUND

In early August 1997, attorney Patricia Yak obtained a temporary job with BBL through an employment agency. To save money, BBL asked Yak to bypass the temporary agency and begin working directly for the bank. On October 27, 1997, BBL and Yak entered into a consulting agreement, which provided in pertinent part:

It is agreed and understood that, during the Consulting Term, Consultant shall be an independent contractor of the Bank. Consultant shall not be entitled to any employee benefits from the Bank or from any of its present or future companies, subsidiaries, division[s], affiliates, successors, or assigns (or from the plans maintained by them), by reason of her

providing consulting services under this Agreement.

The agreement ran for six months. On April 13, 1998, the parties entered into a new consultancy agreement with an identical benefits provision. The new agreement provided for services through December 31, 1998. The parties amended the agreement in September 1998, increasing both compensation and hours for Yak but also that stipulating the April 13, 1998, agreement otherwise remained in effect.

Yak stopped working for BBL on December 31, 1998. She then applied for unemployment insurance benefits. The Department of Labor granted her benefits, a decision upheld by an administrative law judge after a hearing and over BBL's objection that Yak was an independent contractor and not an employee. The administrative law judge found Yak was an employee despite the consultancy agreement because of the control BBL exercised over the manner in which she fulfilled her duties. Subsequently, the Internal Revenue Service also determined that Yak was a BBL employee. The two administrative findings, coupled with her own conviction that she functioned as an employee, gave Yak the impetus to press BBL retroactively for a panoply of employee benefits, including health, life, and disability insurance; vacation, holiday, and sick leave; savings and pension plans; and bonuses and severance pay. When BBL rejected her request, Yak sued. She brought breach of contract, restitution, and unjust enrichment claims, as well as claims under the Employee Retirement Income Security Act ("ERISA"). She also brought a claim of tortious interference against BBL and Dominiek Vangaever, a BBL employee, dismissed below for lack of supplemental jurisdiction.

In her complaint, Yak chose not to reference the Consulting Agreements. Yak

stated she deliberately did not refer to the agreements because they were rendered void by the administrative decisions. She argues her complaint rests exclusively on common law employee and federal statutory rights, not on the rights under the Consulting Agreements. When defendants moved to dismiss Yak's complaint pursuant to Fed.R.Civ.P. 12(b)(6), however, they attached the copies of the Consulting Agreements to their papers. The district court considered the Consulting Agreements when it dismissed Yak's complaint. It based its decision to consider these documents on two grounds: that plaintiff had actual knowledge of the documents because the documents were in her possession; or, alternatively, that the court could take judicial notice of the facts contained in the documents. The district court also found Yak unambiguously waived her right to employee benefits in the Consulting Agreements, rendering the administrative decisions deeming Yak an employee irrelevant. The district court dismissed the tortious interference claim for lack of supplemental jurisdiction.

On appeal, Yak argues the district court erred by considering the Consulting Agreements because (1) her complaint neither referenced nor depended on them; (2) the documents were not a proper subject for judicial notice; and (3) the administrative decisions voided the agreements in their entirety.

## DISCUSSION

■ We review *de novo* the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6). *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). Such a decision will be affirmed when "it appears beyond doubt that plaintiff can prove no set of facts" entitling her to relief. *Id.* (internal quotation marks omitted).

*The Rule 12(b)(6) Motion*

■ On a motion to dismiss, the court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991). We have held that where a plaintiff contends an offering prospectus contains material misrepresentations, the court may consider the prospectus as a whole despite the fact that the plaintiff did not annex the prospectus as an exhibit to its complaint. *I. Meyer Pincus & Assoc. v. Oppenheimer & Co.,* 936 F.2d 759, 762 (2d Cir.1991). In *Pincus,* plaintiff failed to attach a prospectus as an exhibit to the complaint, even though he pleaded claims based on an alleged written misrepresentation appearing in the prospectus. *Id.* We permitted review of the prospectus on a 12(b)(6) motion to avoid "a rule permitting a plaintiff to evade a properly argued motion to dismiss simply because plaintiff has chosen not to attach the prospectus to the complaint or to incorporate it by reference." *Id.* We extended that rule in *Cortec,* permitting the district court to consider documents in a securities fraud case when "plaintiff has actual notice of all the information in the movant's papers" and the documents are "integral to [plaintiff's] complaint." *Cortec,* 949 F.2d at 48.

We see no reason not to extend the rules of *Pincus* and *Cortec* beyond the securities fraud arena to the contracts situation before us. *Cf. Levitin v. Paine-Webber, Inc.,* 159 F.3d 698, 702 n. 4 (2d Cir.1998) (indicating that this court could consider on appeal a document that placed in context plaintiff's claim of material failure to disclose where the document was "integral to the complaint," plaintiff had notice of it, and plaintiff did not object to its inclusion in the record on appeal). Both sides agree Yak had "actual notice."

Yak's complaint rests on the unstated belief that the Consulting Agreements were voided by the administrative decisions. Carefully avoiding all mention of the Consulting Agreements does not make them any less integral to her complaint. Therefore, the district court correctly considered the Consulting Agreements on the motion before it. As we find the district court properly relied on the documents, we need not reach the issue of judicial notice.

*The Waiver of Employee Benefits*

■ We turn now to the issue of whether the benefits waivers in the Consulting Agreements are fatal to Yak's complaint. The district court found Yak waived any entitlement to employee benefits by signing the Consulting Agreements. On appeal Yak claims the *res judicata* effect of the administrative decisions voids the Consulting Agreements. In fact, neither the unemployment insurance decision nor the IRS decision determined that the agreements were void. The two decisions simply held that for purposes of unemployment insurance and federal income tax withholding, Yak was an employee notwithstanding the Consulting Agreements. Thus, there is no *res judicata* effect determining the validity of the agreements.

■ Our analysis does not end there, however. Yak persuasively argues the district court erred in finding her employment status irrelevant to the benefits waiver issue. In *Sharkey v. Ultramar Energy Ltd.*, plaintiff specifically waived benefits subject to ERISA in a written consulting agreement he signed with his employer. *Sharkey v. Ultramar Energy Ltd.*, 70 F.3d 226, 230–31 (2d Cir.1995). We reversed a grant of summary judgment to the employer because ERISA waivers require closer scrutiny by the district court than waivers of general contract claims. *Id.* When ERISA benefits are at issue, "the employment status of an individual ... is not determined solely by the label used in the contract between the parties." *Id.* at 232; *see also Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1492 (11th Cir.1993). Thus, the district court erred in dismissing Yak's complaint at this stage. Further, Yak's employment status is relevant to a waiver analysis. *Finz v. Schlesinger*, 957 F.2d 78, 83 (2d Cir.1992) (upholding waiver of ERISA benefits in part because "we conclude that there is no question that [plaintiff] knew that he may have been covered under the plan when he relinquished his benefits"). On remand, the district court must determine (1) which, if any, of the benefits Yak seeks are governed by ERISA; (2) Yak's employment status; and (3) "the circumstances surrounding the execution of the release." *Sharkey*, 70 F.3d at 231. It must then subject the release to "close scrutiny." *Id.*

## CONCLUSION

For the reasons discussed, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. As the tortious interference claim was dismissed for lack of supplemental jurisdiction, we reinstate it here with the rest of Yak's complaint.