**EZ TAG CORPORATION, Plaintiff,**

v.

**CASIO AMERICA, INC., and Casio Computer Co., Ltd., Defendants.**

No. 11 Civ. 4685 (DAB).

United States District Court, S.D. New York.

March 8, 2012.

Norman H. Zivin, Tonia A. Sayour, Cooper & Dunham LLP, New York, NY, for Plaintiff.

Scott David Stimpson, SNR Denton US LLP, Katherine Marguerite Lieb, Sills Cummis & Gross, P.C., New York, NY, for Defendants.

## MEMORANDUM & ORDER

DEBORAH A. BATTS, District Judge.

Plaintiff EZ Tag Corporation ("EZ Tag") brings this action against Defendants Casio America, Inc. and Casio Computer Co., Ltd. (collectively, "Casio") under Section 2–312 of the New York Uniform Commercial Code ("NY–UCC") for attorney's fees and costs incurred in defense of a patent infringement action brought by Raylon LLC ("Raylon") in the Eastern District of Texas (the "Raylon Action"). Now before the Court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] For

---

1. Defendant Casio Computer also moves to dismiss for insufficient service of process under Rule 12(b)(5). As the Court grants the Motion to Dismiss under Rule 12(b)(6) as to both Defendants, it is not necessary to reach the service issue.

the reasons set forth herein, the Motion to Dismiss is GRANTED.

## I. BACKGROUND

The following facts, set forth in the Complaint, are assumed to be true for purposes of this Motion to Dismiss.

In or about August 2009, Raylon LLC brought an action against EZ Tag and Casio in the United States District Court for the Eastern District of Texas for alleged infringement of United States Patent No. 6,655,589 ("the 589 patent"), *Raylon v. EZ Tag Corp. et al.*, No. 09 Civ. 357(LED). (Compl.¶ 6.) The 589 patent is directed to a hand-held computing device that could be used for printing traffic citations. (*Id.*)

EZ Tag had purchased indirectly from Casio hand-held computing devices that Raylon charged infringed the 589 patent. (*Id.* ¶ 9.) EZ Tag "resold those devices to police departments and enforcement agencies in the State of New York." (*Id.* ¶ 9.) After the commencement of the Raylon action, EZ Tag requested that Casio indemnify and hold EZ Tag harmless against Raylon's patent infringement claim. (*Id.* ¶ 10.) Casio did not agree to indemnify EZ Tag. (*Id.*) As a result, EZ Tag was required to expend $152,579.00 for attorney's fees and expenses for defending against Raylon's patent infringement action. (*Id.* ¶ 11.)

On March 23, 2011, the court granted summary judgment for the defendants in the Raylon Action, including EZ Tag and Casio, on the ground that the hand-held computing devices did not contain all of the elements of the 589 patent, and therefore did not infringe those claims. (*Id.* ¶ 14.) EZ Tag then again requested that Casio indemnify EZ Tag for its attorney's fees and expenses, but Casio refused. (*Id.* ¶ 15.)

## II. DISCUSSION

### A. Legal Standard for a Motion to Dismiss

For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility," the Supreme Court has explained,

> "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556–57, 127 S.Ct. 1955). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal quotation marks omitted). "In keeping with these principles," the Supreme Court has stated,

> "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief."

*Iqbal,* 129 S.Ct. at 1950.

In ruling on a 12(b)(6) motion, a court may consider the complaint as well as "any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference." *Zdenek Marek v. Old Navy (Apparel) Inc.,* 348 F.Supp.2d 275, 279 (S.D.N.Y.2004) (citing *Yak v. Bank Brussels Lambert,* 252 F.3d 127, 130 (2d Cir. 2001) (internal quotations omitted)).

**B.    Breach of Warranty and Indemnification under NY–UCC 2–312(3)**

■ EZ Tag claims that Casio had a duty and obligation to indemnify EZ Tag for defending against Raylon's patent infringement action under Section 2–312 of the New York Uniform Commercial Code. That section provides that "[u]nless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like ..." NY–UCC § 2–312(3). NY–UCC Sections 2–714 and 2–715 govern a buyer's remedies for a seller's breach of warranty, such as the warranty of non-infringement in Section 2–312(3). Section 2–714 provides that generally, "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." NY–UCC ¶ 2–714(2). Section 2–714 continues, "[i]n a proper case any incidental and consequential damages ... may also be recovered." NY–UCC § 2–714(3). Section 2–715 states that consequential damages include "injury to person or property proximately resulting from any breach of warranty." NY–UCC § 2–715(2)(b).

Although these sections of the NY–UCC are litigated fairly infrequently, the weight of authority in this Circuit counsels against the inclusion of attorney's fees and litigation expenses as damages for breach of warranty under Sections 2–714 and 2–715 in the absence of bad faith or contractual authorization. *See, e.g., CGS Industries, Inc. v. Charter Oak Fire Ins. Co.,* 777 F.Supp.2d 454, 462–64 (E.D.N.Y.2011) (finding that NY–UCC Section 2–715 did not obligate the seller as a matter of law to reimburse the buyer's defense costs incurred in an infringement suit where the contract of sale did not provide specifically for indemnification for attorney's fees); *In re O.P.M. Leasing Svcs.,* 61 B.R. 596, 603–04 (Bankr.S.D.N.Y.1986) (finding that attorney's fees and expenses are not recoverable as incidental or consequential damages under the NY–UCC); *Larsen v. A.C. Carpenter, Inc.,* 620 F.Supp. 1084, 1126, 1136–40 (E.D.N.Y.1985) (finding that attorney's fees and litigation costs were not recoverable as consequential damages under the NY–UCC in the absence of bad faith or contractual authorization); *accord Chere Amie, Inc. v. Windstar Apparel Corp.,* No. 01 Civ. 40(WHP), 2003 WL 22056935, at *2 (S.D.N.Y. Sept. 4, 2003) (permitting recovery of attorney's fees and costs where the vendor agreement specifically provided for them).

In any event, even were this Court to find that attorney's fees and litigation expenses were remedies for a breach of the warranty of non-infringement, they would not be appropriate here, as the claims in the Raylon Action were not "rightful" within the meaning of NY–UCC Section 2–312(3). Although the precise definition of term "rightful" is a question of first impression in this Circuit, in no case in this jurisdiction has a court determined that a claim was "rightful" following an affirmative adjudication of non-infringement. *See, CGS Industries, Inc.,* 777 F.Supp.2d

at 458 (noting underlying infringement suit resolved by settlement); *Dolori Fabrics, Inc. v. Limited Inc.*, 662 F.Supp. 1347, 1349 (S.D.N.Y.1987) (awarding judgment for plaintiff on infringement before discussing indemnification cross-claim). Furthermore, it is evident from the Order granting summary judgment in the Raylon Action, referenced in paragraph fourteen of the Complaint, and the Order denying Rule 11 sanctions, referenced in paragraph 13 of the Complaint, that the claim asserted in the Raylon Action cannot be considered "rightful" under any of the definitions of the term put forth by courts around the country.

In *84 Lumber Co. v. MRK Technologies, Ltd.*, 145 F.Supp.2d 675 (W.D.Pa.2001), the court determined that the question of whether or not a claim was "rightful" would involve a comparison of the patent with the goods at issue to determine "that there was an adequate basis for [claimant]'s assertion that defendants' products infringed his patents." *Id.* at 680. The court stated that "[i]f claims of patent infringement are seen as marks on a continuum, whatever a 'rightful claim' is would fall somewhere between purely frivolous claims, at one end, and claims where liability has been proven, at the other." *Id.*

The court in *Sun Coast Merchandise Corp. v. Myron Corp.*, 393 N.J.Super. 55, 922 A.2d 782, 796–97 (2007) agreed with the court in *84 Lumber* that the patent and claim of infringement must be examined to determine whether or not a claim was "rightful." The court stated, "[a] third party's claim of infringement-to be 'rightful' ... must cast a 'substantial shadow' on the buyer's ability to make use of the goods in question, in order to constitute a breach of the warranty against infringement." *Id.* The "buyer must establish that the infringement claim is of a substantial nature that is reasonably likely to subject the buyer to litigation, and has a ·significant and adverse effect on the buyer's ability to make use of the goods in question." *Id.*

Relying on *84 Lumber*, EZ Tag argues that a patent infringement claim is "rightful" as long as it is non-frivolous, and that the denial of Rule 11 sanctions in the Raylon Action resolves this question. (Mem. L. Opp. Mot. Dismiss, p. 4.) This Court disagrees. It is clear from *84 Lumber* and *Sun Coast* that a claim of infringement must have some ·merit beyond being "nonfrivolous" for Rule 11 purposes to support a breach of warranty claim. The Raylon Action, which the Texas court described as "stretch[ing] the bounds of reasonableness," does not rise to that level. (Zivin Decl. Ex. D, Mar. 9, 2011 Order, p. 4.)

All of the claims of the 589 patent that was the subject of the Raylon Action require a "display being pivotally mounted" on the device housing. (Stimpson Decl. Ex. G, March 23, 2011 Order, p. 3.) To sustain Raylon's patent infringement claim, the court would have had to define "pivotally mounted" broadly enough to encompass moving one's arm or wrist so that the entire device is moved and the viewer's perspective is altered. (*Id.*, p. 7.) As the court in Texas found, this interpretation is "contrary to the specification and the plain meaning of the claim," which required that the display be pivotally mounted. relative to the housing, rather than to the viewer. (*Id.*) Raylon's claims, therefore, while not so frivolous as to be sanctionable, surely were not so substantial as to impose a significant and adverse effect on EZ Tag's ability to make use of the goods. As Raylon's claim of infringement against EZ Tag was not "rightful" within the meaning of NY–UCC 2–312(3), Casio had no duty to indemnify EZ Tag for the expenses incurred in the Raylon Action.

## C. Common Law Indemnification

■ EZ Tag makes no attempt to defend its common law indemnification claims. Those claims cannot survive the Motion to Dismiss in any event, as to state a claim for common law indemnification under New York law, the party seeking indemnification must have been "held liable to the injured party." *See Mathis v. United Homes, LLC*, 607 F.Supp.2d 411, 434 (E.D.N.Y.2009). EZ Tag's success in the Raylon Action therefore precludes any common law indemnification claim.

## D. Leave to Replead

■ When a complaint has been dismissed, permission to amend it "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, a court may dismiss without leave to amend when amendment would be "futile", or would not survive a motion to dismiss. *Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir.2003) (internal citations omitted), rev'd on other grounds sub nom. *City of Sherrill v. Oneida Indian Nation of New York*, 544 U.S. 197, 125 S.Ct. 1478, 161 L.Ed.2d 386 (2005). Leave to amend would be futile in this case, as it is abundantly clear from the Complaint and the documents referenced therein that the claims asserted in the Raylon Action were not "rightful." Leave to replead is denied.

## III. CONCLUSION

Defendants' Motion to Dismiss is GRANTED, and the Complaint is dismissed WITH PREJUDICE and without leave to replead. The Clerk of Court is directed to CLOSE the docket in this case. SO ORDERED.

