Chen v. Antel Communications, LLC et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
          GUIDO CALABRESI,
          REENA RAGGI,
                     <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
JIA CHEN, AKA KEVIN CHEN,
       <u>Plaintiff-Appellant</u>,

       -v.-                                  15-3475

ANTEL COMMUNICATIONS, LLC & LOUIS ANTONIOU,
       <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           William M. Brown, Hang and Associates, PLLC, Flushing, New York.

FOR APPELLEES:           Andrew W. Schwartz, Sills Cummis & Gross, P.C., Newark, New Jersey.

Appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court is **AFFIRMED.**

Jia Chen appeals from a September 30, 2015 order of the United States District Court for the Eastern District of New York (Feuerstein, J.), granting defendants-appellees' motion to dismiss in part and denying it in part. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[A] denial of a motion to dismiss is ordinarily considered non-final, and therefore not immediately appealable." Hill v. City of New York, 45 F.3d 653, 659 (2d Cir. 1995); see also Britt v. Garcia, 457 F.3d 264, 270 (2d Cir. 2006) ("Because the district court ha[d] not yet entered a final judgment, this appeal is interlocutory."). Chen has articulated no reason why he should be permitted to take an interlocutory appeal in this case. Nonetheless, "'a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice.'" IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054-55 (2d Cir. 1993) (quoting Welch v. Cadre Capital, 923 F.2d 989, 992 n.1 (2d Cir. 1991)). Both conditions are satisfied here, so we proceed to the merits of Chen's claims.

Chen principally argues on appeal that the district court erred in considering the Employment Agreement when evaluating defendants-appellees' motion to dismiss. "[M]aterials outside the record may become the basis for a dismissal" if: (1) the document is "'integral' to the complaint"; (2) "no dispute exists regarding the authenticity or accuracy of the document"; and (3) "there exist no material disputed issues of fact regarding the relevance of the document." Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006). The Employment Agreement meets all three requirements given that, by its terms, it superseded the Appointment Contract. Chen cannot evade that conclusion merely because he carefully omitted mention of the Employment Agreement in his complaint. "Carefully avoiding all mention of [pertinent documents] does not make them any less integral to [the] complaint." Yak v. Bank Brussels

2

Lambert, 252 F.3d 127, 131 (2d Cir. 2001). Accordingly, the district court properly exercised its discretion in taking "the document into consideration in deciding the [defendants'] motion to dismiss, without converting the proceeding to one for summary judgment." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

Chen also argues he should have been given leave to replead notwithstanding that he made no such application to the district court. "[W]e do not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1132 (2d Cir. 1994).

For the foregoing reasons, and finding no merit in Chen's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK