**ADDITIVE CONTROLS & MEASURE-MENT SYSTEMS, INC., Plaintiff–Appellant,**

v.

**FLOWDATA, INC. and Titan Industries, Inc., Defendants–Appellees.**

No. 92–1160.

United States Court of Appeals, Federal Circuit.

Feb. 9, 1993.

William D. Durkee, Arnold, White & Durkee, Houston, TX, argued, for plaintiff-appellant.

William C. Norvell, Jr., Jackson & Walker, Houston, TX, argued, for defendants-appellees.

Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.

RADER, Circuit Judge.

The United States District Court for the Southern District of Texas refused to remand Additive Controls & Measurement Systems, Inc.'s (Adcon) business disparagement case to state court. Instead the district court enjoined Adcon from infringing Flowdata, Inc.'s patent. *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.,* No. H–90–1554, 1991 WL 345967 (S.D.Tex. Nov. 5, 1991). Because Adcon's suit requires resolution of a substantial question of patent law, the district court possessed subject matter jurisdiction and properly denied the motion to remand. The district court's injunction, however, is too vague and too broad. Therefore, this court vacates the injunction and remands to permit the district court to issue an injunction of proper scope.

## Background

Adcon and Flowdata sell meters for measuring the flow of liquids. Flowdata obtained U.S. Patent No. 4,815,318 (the '318 patent) for a positive displacement flow meter. In 1988 and 1989, Adcon and Flowdata discussed the prospect of Adcon taking a license to incorporate Flowdata's flow meter into Adcon's OMNI–PAK system. Eventually, Adcon developed its own flow meter for the OMNI–PAK product.

In November 1989, Flowdata informed Adcon of its belief that Adcon's meter infringed the '318 patent. Adcon disagreed and sent machine parts to Flowdata in support of its position. Adcon continued production of its OMNI–PAK product.

Flowdata sent letters to Adcon's customers and potential customers warning that the meter in OMNI–PAK infringed Flowda-ta's patent. The letters further advised that Flowdata was "in the process of taking legal action."

On April 3, 1990, Adcon filed suit in Texas state court. This state suit sought damages for and an injunction against Flowdata's alleged interference with Adcon's business operations. On May 11, 1990, Flowdata filed a Notice of Removal with the United States District Court for the Southern District of Texas. After removal, Flowdata answered Adcon's complaint and counterclaimed for patent infringement.

In 1991, the district court granted Flowdata's motion for partial summary judgment of patent infringement. Because Adcon had not contested patent validity, the district court entered a permanent injunction on November 5, 1991. The injunction stated:

> Plaintiff is forever barred from infringing Flowdata's patent. This order is made with the oral consent of ADCON's Secretary Treasurer who appeared before this Court in her official capacity.

On November 22, 1991, Adcon moved to remand to the state court for lack of subject matter jurisdiction. The district court denied this motion on February 5, 1992.

## Jurisdiction

Adcon challenges the propriety of the removal of its business disparagement case from Texas state court. A defendant may properly remove an action if the district court to which it seeks removal has subject matter jurisdiction at the time of removal. 28 U.S.C. § 1441(a) (1988); *see Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983). The district court in this case asserted jurisdiction under 28 U.S.C. § 1338(a) (1988):

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents....

In *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808–09, 108 S.Ct. 2166, 2174, 100 L.Ed.2d 811, 7 USPQ2d

1109, 1113 (1988), the United States Supreme Court set forth the scope of section 1338(a):

[Section] 1338(a) jurisdiction likewise extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

Thus, section 1338(a) gives district courts jurisdiction over causes of action created by federal patent law and causes of action whose resolution depends on a substantial question of federal patent law.

Although not expressly labelling its cause of action, Adcon's complaint alleges that Flowdata committed business disparagement.[1] Adcon's petition disputes infringement and refers to Flowdata's letters to Adcon's customers. The petition further alleges that Adcon has suffered financial losses due to Flowdata's actions. These allegations state a cause of action for business disparagement under Texas law. *See Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 767 (Tex.1987).

Adcon's complaint does not meet the first prong of the *Christianson* test for jurisdiction under 28 U.S.C. § 1338. Patent law does not create Adcon's state law business disparagement claim. Adcon's complaint, however, gives the district court jurisdiction under the second prong of the *Christianson* test. In sum, Adcon's "right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of [its business disparagement claim]." *See Christianson*, 486 U.S. at 809, 108 S.Ct. at 2174.

Under Texas law, a business disparagement claim requires plaintiff to prove, as part of its prima facie case,[2] the falsity of

defendant's allegedly disparaging statements. *Hurlbut*, 749 S.W.2d at 766. Flowdata's allegedly disparaging statement was its accusation that Adcon infringed the '318 patent. To prove this aspect of its case (falsity), Adcon must show that its product does not infringe the '318 patent. Thus, Adcon's right to relief necessarily depends upon resolution of a substantial question of patent law, in that proof relating to patent infringement is a necessary element of Adcon's business disparagement claim. Therefore, 28 U.S.C. § 1338 grants the district court jurisdiction over Adcon's cause of action. *Cf. Christopher v. Cavallo*, 662 F.2d 1082, 1083–84, 218 USPQ 396, 397 (4th Cir.1981) (because Virginia law requires plaintiff to prove copyright infringement as an element of breach of warranty action, district court had jurisdiction).

The Supreme Court's directions in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916), do not require a different result. Because Massachusetts law, which did not involve a substantial issue of patent law, created plaintiff's cause of action, the Court in *American Well Works* concluded that federal courts lacked jurisdiction over that business disparagement case. *Id.* at 260, 36 S.Ct. at 586. *American Well Works* addressed a different situation from that before this court. Specifically, the cause of action in *American Well Works* arose under Massachusetts law. Under that Massachusetts law, a plaintiff could recover for business disparagement without proving the falsity of defendant's accusations of patent infringement. Massachusetts law instead required defendant to prove the truth of its statements. The Court in *American Well Works* carefully noted that truth was a defense to plaintiff's claim and not part of plaintiff's case in chief. *American Well Works*, 241 U.S. at 259, 36 S.Ct. at 331. Under Texas law, however, Adcon must prove that Flowda-

---

1. In its order granting summary judgment, the district court called Adcon's cause of action an unfair competition claim.

2. The Supreme Court of Texas stated: "The general elements of a claim for business disparage-

ment are publication by the defendant of the disparaging words, falsity, malice, lack of privilege, and special damages." *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex.1987).

ta's infringement accusations are false before it can recover for business disparagement. Texas law requires business disparagement plaintiffs to prove the falsity of allegedly disparaging statements. *Hurlbut,* 749 S.W.2d at 766. Thus, unlike plaintiff in *American Well Works,* Adcon's right to relief necessarily depends upon resolution of a substantial question of federal patent law. For this reason, *American Well Works* does not require a different result than that reached by the district court examining Texas law.

Moreover, since *American Well Works,* the Supreme Court has sharpened the focus of its guidance for ascertaining federal jurisdiction. In particular, *Christianson* clarified that jurisdiction under section 1338(a) also extends to cases in which plaintiff's cause of action necessarily depends on resolution of a substantial question of federal patent law. *Christianson,* 486 U.S. at 808–09, 108 S.Ct. at 2173–74. Indeed the Supreme Court has uniformly upheld federal jurisdiction over cases in which plaintiff's right to relief under state law required resolution of a substantial question of federal law. *See, e.g., Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921); *Hopkins v. Walker,* 244 U.S. 486, 37 S.Ct. 711, 61 L.Ed. 1270 (1917).

Several prior opinions of this court have denied jurisdiction under 28 U.S.C. § 1338 because the mere presence of a patent issue does not create jurisdiction under section 1338(a). *See, e.g., Speedco, Inc. v. Estes,* 853 F.2d 909, 7 USPQ2d 1637 (Fed. Cir.1988); *Consolidated World Housewares, Inc. v. Finkle,* 831 F.2d 261, 4 USPQ2d 1565 (Fed.Cir.1987); *Ballard Medical Prods. v. Wright,* 823 F.2d 527, 3 USPQ2d 1337 (Fed.Cir.1987); *In re Oximetrix, Inc.,* 748 F.2d 637, 223 USPQ 1068 (Fed.Cir.1984). None of these cases, however, involved a cause of action in which plaintiff's right to relief depended upon resolution of a substantial question of patent law.

In sum, the district court correctly determined that Adcon's business disparagement claim "arises under" federal patent law because Adcon's right to relief depends upon the resolution of a substantial question of patent law. Therefore, Flowdata properly removed this case, and the district court properly refused Adcon's motion to remand to Texas state court.

### Injunction

■ District courts may grant injunctive relief to prevent violation of patent rights. 35 U.S.C. § 283 (1988); *Roche Prods., Inc. v. Bolar Pharmaceutical Co.,* 733 F.2d 858, 865, 221 USPQ 937, 942 (Fed.Cir.), *cert. denied,* 469 U.S. 856, 105 S.Ct. 183, 83 L.Ed.2d 117 (1984). These injunctions must comply with the requirements of Federal Rule of Civil Procedure 65. *KSM Fastening Sys., Inc. v. H.A. Jones Co.,* 776 F.2d 1522, 1525, 227 USPQ 676, 678 (Fed.Cir. 1985). Fed.R.Civ.P. 65(d) provides:

(d) **Form and Scope of Injunction or Restraining Order.** Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

In accord with the policy of this rule, the Supreme Court does not countenance overly broad injunctions due to the threat of costly contempt proceedings for acts unrelated to those originally judged unlawful. *NLRB v. Express Publishing Co.,* 312 U.S. 426, 435–36, 61 S.Ct. 693, 699–700, 85 L.Ed. 930 (1941).

■ The district court's two sentence injunction in this case does not satisfy the requirements of Rule 65. The brief injunction does not use specific terms or describe in reasonable detail the acts sought to be restrained. The terse order does not state which acts of Adcon constitute infringement of the '318 patent. The order does not limit its prohibition to the manufacture,

**480**

use, or sale of the specific infringing device, or to infringing devices no more than colorably different from the infringing device. *See KSM*, 776 F.2d at 1526.

This court has said that the rule upholding contempt judgments only for devices previously adjudged to infringe, or for colorable imitations of those infringing devices, is for the purpose of avoiding the effect of overly broad injunctions. *Id.* This rule indeed permits a party subject to injunction to design around the claims of a patent with less risk of contempt proceedings. *Id.*

In *KSM*, however, this court did not review the propriety of an injunction under Rule 65(d). This case calls upon this court to enforce Rule 65. While the doctrine of *KSM* protects an enjoined party from contempt judgments on non-infringing devices, Rule 65 has the added purpose of deterring unwarranted contempt proceedings altogether. *See, e.g., Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 444, 94 S.Ct. 1113, 1126–27, 39 L.Ed.2d 435 (1974) (Rule 65(d) ensures that parties receive fair notice of precisely what conduct enjoined). By requiring specificity in injunctions, this rule relieves parties from the burden of adjudicating unwarranted contempt proceedings. *Cf. Express Publishing*, 312 U.S. at 435–36, 61 S.Ct. at 699–700. Accordingly, this court vacates the injunction and remands this case to the district court with instructions to issue an injunction that meets the specificity requirements of Rule 65(d).

### Costs

Each party to bear its own costs.

AFFIRMED–IN–PART, VACATED–IN–PART, and REMANDED.