**The DOW CHEMICAL COMPANY,**
**Plaintiff–Appellant,**

v.

**EXXON CORPORATION and Exxon Chemical Patents, Inc., Defendants/Cross–Appellants.**

Nos. 97–1347, 97–1351.

United States Court of Appeals,
Federal Circuit.

May 28, 1998.

Harry J. Roper, Roper & Quigg, of Chicago, Illinois, argued for plaintiff-appellant. On brief were Raymond N. Nimrod and Aaron A. Barlow. Also on brief were Charles J. Kalil, The Dow Chemical Company, of Midland, Michigan, and L. Wayne White, of Freeport, Texas. Of counsel was George S. Bosy, Roper & Quigg.

Daniel Joseph, Akin, Gump, Strauss, Hauer & Feld, L.L.P., of Washington, DC, argued for defendants/cross-appellants. On brief were Lisa S. Gallerano, John L. Hendricks and Richard C. Levin, of Dallas, Texas. Also on brief were Eric C. Woglom, Glenn A. Ousterhout, and Denise L. Loring, Fish & Neave, of New York City, and William J. Wade and Frederick L. Cottrell, III, Richards, Layton & Finger, P.A., of Wilmington, Delaware. Of counsel were Scott R. Jacobs, of Dallas, Texas, and Richard J. Smith, Akin, Gump, Strauss, Hauer & Feld, L.L.P., of Austin, Texas, William J. McCabe, Fish & Neave, of New York City, and E. Edward Bruce, Covington & Burling, of Washington, DC.

David F. Dobbins, Patterson, Belknap, Webb & Tyler, LLP, of New York City, for amicus curiae. Of counsel were Eugene M. Gelernter, Patterson, Belknap, Webb & Tyler, LLP, and Theodore B. Van Itallie, Johnson & Johnson, of New Brunswick, New Jersey.

### ORDER

A combined petition for rehearing and suggestion for rehearing in banc having been filed by the Cross–Appellant, an amicus curiae brief having been filed by Johnson & Johnson, and a response thereto having been invited by the court and filed by the Appellant, and the petition for rehearing having been referred to the panel that heard the appeal, and thereafter the suggestion for rehearing in banc, amicus brief and response having been referred to the circuit judges who are authorized to request a poll whether to rehear the appeal in banc, and a poll having been requested, taken, and failed, it is

ORDERED that the petition for rehearing be, and the same hereby is, DENIED; and it is further

ORDERED that the suggestion for rehearing in banc be, and the same hereby is, DECLINED.

Circuit Judge CLEVENGER concurs in a separate opinion.

Circuit Judge LOURIE, with whom Circuit Judge PAULINE NEWMAN and Circuit Judge RADER join, dissents in a separate opinion.

Circuit Judge BRYSON would rehear the appeal.

Circuit Judge MICHEL, Circuit Judge SCHALL and Circuit Judge GAJARSA did not participate.

The mandate of the court will issue on June 4, 1998.

CLEVENGER, Circuit Judge, concurring.

I concur in the decision not to rehear this case in banc. As a member of the merits panel, I continue to subscribe to the opinion and decision of the court that the state law causes of action pleaded in this case are not preempted by federal patent law. As the panel opinion amply demonstrates, see *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1477–78 (Fed.Cir. 1998), the state law causes of action are based essentially on conduct in the state's commercial marketplace that allegedly has harmed the plaintiff. It so happens that the alleged misconduct centers on an allegedly defective patent.

Judge Lourie's fears are unwarranted. A state law cause of action that pleads an issue that embraces a substantial question of federal patent law remains a state law cause, in terms of its derivation, but it is—for purposes of the jurisdiction of a U.S. District Court under 28 U.S.C. § 1338(a) and our jurisdiction under 28 U.S.C. § 1295(a)(1)—a cause "arising under" the federal patent law. The Supreme Court said so in no uncertain terms:

§ 1338(a) jurisdiction ... extend[s] only to those cases in which a well-pleaded com-

plaint establishes either that federal patent law creates the cause of action *or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.*

*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 807–09, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (emphasis added). We, of course, followed that clear rule in *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.,* 986 F.2d 476, 477–78, 25 USPQ2d 1798, 1799–1801 (Fed.Cir.1993). Therefore, a cause of action having a substantial question of federal patent law will lie in the United States District Courts in the first instance, or by removal from a state court, and review of the district court decision will lie in this court. The values of national uniformity for which this court was created will thus be promoted when we decide whether the federal patent law issue in the state law cause of action has properly been decided. Indeed, our job is to assure such uniformity without trampling on the authority of states to protect the rights of their residents.

Thus, Judge Lourie's predictions of plaguelike harm to the tissue of federal patent law, and even to the states, are simply wrong. The sky will not fall on our patent system by our refusal to preempt the state law causes of action at issue here, which plead at their core a substantial question of federal patent law. Instead, we will have preserved the right of states, in our federal republic, to protect valid interests within their borders, in a system of judicial harmony that lodges adjudication of these cases in the federal district courts, with uniform review assured by the appellate jurisdiction of this court. There simply is no need to preempt the causes of action here in order to protect consistent federal judicial interpretation of the patent law. Judge Lourie's opinion concedes as much, as it must, in the light of the jurisdictional precedent.

The panel decision is therefore correct, and the court is correct in declining to rehear the case in banc.

## ON SUGGESTION FOR REHEARING IN BANC

LOURIE, Circuit Judge, with whom PAULINE NEWMAN and RADER, Circuit Judges, join, dissenting.

For reasons stated in my dissent from the panel's decision, I also dissent from the decision of the court not to hear this case *in banc.* A state law claim for unfair competition that is based essentially on inequitable conduct in the Patent and Trademark Office is preempted by federal law. There already is a remedy under federal law for inequitable conduct. It is unenforceability of the patent and possible attorney fees. A state law remedy conflicts with that federal remedy.

A contrary decision frustrates federal law by placing in the hands of all the state courts, as well as all the federal regional circuits reviewing decisions of federal district courts whose jurisdiction is based on diversity of citizenship, determination whether there had been inequitable conduct and, if so, what the remedy should be for that offense. If the present panel decision is followed, the federal nature of the patent law may be splintered into a multitude of local rules, and the goal of uniform federal law, which the statute contemplates, and, in particular, this court was created to ensure, will be frustrated.

A whole new field of litigation will be opened up. State courts will be rendering judgments that may be in conflict with a federal judgment. New questions of standing will have to be settled, determining whether unfair competition and hence inequitable conduct can be raised by one not accused of infringement. Inequitable conduct has been spoken of as a "plague" in the patent system. That plague will now infect the states. The panel's decision is a Pandora's box full of mischief—unnecessary, unjustified, and unwise.

Judge Clevenger's assurances that the "sky will not fall" are not comforting. His analysis merely confirms the complexity of these issues and the depth of the morass that

the panel opinion creates. It is far from clear that a state cause of action based essentially on inequitable conduct is removable to federal court. Removal requires a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (1994). Do the federal district courts have original jurisdiction of an action "for inequitable conduct"? There is no such federal cause of action, perhaps not even a case or controversy. Such claims are defenses to a claim of patent infringement. Moreover, if a claim asserting unfair competition under state law is originally brought in the federal courts, a federal court will have to apply state law with uncertain consequences for uniformity of federal patent law. While federal courts apply state law all the time, *e.g.*, in diversity cases, they should not do so when a clear case for preemption exists.

In any event, the panel opinion emphasized the "state law cause of action" and the "state court's" role in adjudicating the dispute, *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1475 (Fed.Cir. 1998), rather than determining that this action "aris[es] under an Act of Congress relating to patents," the ground relied on by the concurrence. Furthermore, contrary to the concurrence, the panel indicated that the issue of patent law "would only be ancillary to [the 'state court's'] central purpose ... [A] state court has authority to adjudicate patent questions so long as the action does not arise under the patent laws." *Id.* at 1475.

Neither *Additive Controls* nor *Christianson v. Colt*, cited by Judge Clevenger for the proposition that state actions involving substantial questions of federal patent law will both lie in federal district courts in the first instance and be appealable to this court, is relevant to the issue of preemption. *Additive Controls* dealt with federal jurisdiction over a state claim for business disparagement, holding that, because the claim was based on an allegation that a patentee falsely accused the plaintiff of infringing its patent, federal jurisdiction was proper. Preemption does not appear to have been at issue, nor is it clear that this case would be precedent for placing all state unfair competition claims based on inequitable conduct in federal court. (I note that the two judges subscribing to this dissent were on the panel that decided that case.) Moreover, *Christianson v. Colt* did not involve a question of state versus federal jurisdiction, but one federal circuit versus another. The result of that case was that jurisdiction lay in the Seventh Circuit, not the Federal Circuit. Preemption was not at issue. Moreover, while that case did define this court's "arising under" jurisdiction, it did not eliminate the prospect of federal courts following state law even when the basic issue is one of federal patent law. Again, there is raised the specter of nonuniform patent law. One may logically thread one's way through the jurisdictional mess that these issues involve, but the legal framework would be much simpler if questions of inequitable conduct and infringement threats were not to be adjudicated under state law because of preemption. Federal law provides remedies for these offenses.

For these reasons, I believe the court should have taken this case *in banc* and overridden the panel's judgment.