**Mark G. COLLINS, Plaintiff–Appellee,**

v.

**Andrew J. PLATTS and Name Beads International, LLC, Defendants–Appellants.**

**No. 04–1511, 04–1595.**

United States Court of Appeals, Federal Circuit.

Oct. 13, 2004.

CLEVENGER, Circuit Judge.

*ORDER*

Andrew J. Platts and Name Beads International, LLC (Platts) move for a stay, pending appeal, of the permanent injunction entered by the United States District Court for the Eastern District of Missouri. Mark G. Collins opposes. Platts replies.

Collins sued Platts for, inter alia, design patent infringement. The jury found infringement. Collins moved for an injunc-

tion. In its order, the district court noted the parties' arguments and ordered "that Plaintiff's Motion for Permanent Injunction, [# 115], is granted." There is no statement of what acts are enjoined or indication what products are proscribed.

Platts appeals and moves for a stay, pending appeal. Platts argues, inter alia, that the injunctive is defective because it does not comply with Fed.R.Civ.P. 65(d). That rule requires that "[e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms, shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained...." We agree with Platts that the injunction does not comply with the requirement that it describe the acts to be restrained. *International Rectifier Corp. v. IXYS Corporation*, 383 F.3d 1312, 2004 WL 2026411 (Fed.Cir. Sept.13, 2004) (injunction did not comply with Fed.R.Civ.P. 65(d); injunction may only prohibit infringement of the patent by the adjudicated devices and infringement by devices not more than colorably different from the adjudicated devices); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476, 479–80 (Fed.Cir.1993) (injunction did not comply with Fed.R.Civ.P. 65(d); order did not state what acts constituted patent infringement and did not limit prohibition to the manufacture, use, or sale of the specific infringing device, or to infringing devices no more than colorably different from the infringing device).

Collins states that if we determine the injunction does not comply with Rule 65(d), we should vacate the injunction and remand to allow the district to issue a revised injunction that complies with the rule. In the interest of judicial efficiency and the conservation of the parties' resources, we agree and determine that the

best course in these circumstances is to vacate the district court's injunction and remand for further proceedings. The district court may, if it chooses, issue a new injunction. We do not consider at this time the parties' other arguments relating to the stay motion.

Accordingly,

IT IS ORDERED THAT:

(1) The injunction is vacated and this case is remanded to the district court for further proceedings.

(2) Platts' motion for a stay, pending appeal, is moot.

(3) Each side shall bear its own costs.