**INTERNATIONAL RECTIFIER CORPORATION, Plaintiff–Appellee,**

v.

**IXYS CORPORATION, Defendant–Appellant.**

No. 04–1014.

United States Court of Appeals, Federal Circuit.

Sept. 13, 2004.

Rehearing and Rehearing En Banc Denied Oct. 20, 2004.

Minh–Hien Nguyen, Vinson & Elkins L.L.P., of Austin, Texas, argued for plaintiff-appellee. With him on the brief was David E. Killough. Of counsel on the brief was Glenn W. Trost, Coudert Brothers LLP, of Los Angeles, California.

Roger L. Cook, Townsend and Townsend and Crew LLP, of San Francisco, California, argued for defendant-appellant. With him on the brief were Nancy L. Tompkins and Mehrnaz Boroumand.

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PLAGER, Senior Circuit Judge.

The issue in this case is whether the injunction granted the patentee is overly broad, and, if so, what is the proper remedy. International Rectifier Corporation ("IR") is the assignee of U.S. Patent No. 6,476,481 ("the '481 patent"), which relates to semiconductor device "packages." On the day the patent issued, IR filed a patent infringement suit against IXYS Corporation ("IXYS") in the United States District Court for the Central District of California. Within two weeks IXYS modified the design of its accused semiconductor products. When IR filed a motion for summary judgment of infringement, IXYS did not oppose the motion on the merits because IXYS admitted that its original product design infringed. IXYS did, however, oppose the form of the judgment and the permanent injunction proposed by IR. The trial court granted IR's motion for summary judgment, entered final judgment, and granted a permanent injunction against IXYS with the exact language proposed by IR.

IXYS appeals the trial court's order of judgment and permanent injunction. Because the injunction does not satisfy the requirements of Rule 65(d) of the Federal Rules of Civil Procedure and our controlling case law, we vacate the injunction and remand for the district court to issue an injunction of proper scope. Since IXYS had withdrawn its affirmative defenses relating to the validity and enforceability of the patent before judgment was entered, we also vacate the portion of the judgment and injunction regarding those issues. We find no basis for disturbing the district court's decision to transfer the case from one judge to another under the court's local rules regarding related cases, and

that part of the court's decision is affirmed.

## BACKGROUND

IR filed its complaint in this case on November 5, 2002, the same day the '481 patent issued. IR concurrently filed a Notice of Related Cases as required by the Central District's Local Rule 83–1.3.1. The Notice identified as a related case another lawsuit brought by IR against IXYS involving previously issued IR patents relating to metal-oxide-semiconductor field effect transistors ("MOSFETs"). That case was pending before Judge Real. IR identified nine additional patent infringement cases brought by IR against other semiconductor manufacturers; all had been heard by or were pending before Judge Real.

On February 5, 2003, before IXYS was served with the complaint, Judge Feess, to whom the case was initially assigned, transferred the case to Judge Real pursuant to the district court's General Order on related case transfers. IXYS was served with the complaint on February 18, 2003, and filed its answer on March 10, 2003. In its answer, IXYS denied IR's allegations of infringement and asserted several affirmative defenses, including invalidity and unenforceability of the patent. A week later IXYS filed an opposition to IR's Notice of Related Cases, alleging that the case did not qualify for a related case transfer and therefore should not have been transferred to Judge Real. The record indicates no action by the district court regarding IXYS's challenge to the transfer, and the case proceeded before Judge Real.

IXYS responded to IR's discovery requests on July 15, 2003. IXYS admitted that several of its MOSFET products, which used its original ISOPLUS220 package design, satisfied all the limitations of claims 1–5 of the '481 patent. IXYS also stated, however, that it promptly modified its original ISOPLUS220 design after becoming aware of the patent and the filing of IR's complaint. IXYS admitted that it shipped products using the original design between November 5, 2002, and November 19, 2002, and that sales of those products totaled $507. Asserting that it had no economic incentive to defend a lawsuit against a discontinued product with de minimis sales, IXYS expressly withdrew its contentions of non-infringement, invalidity, and unenforceability in its response to one of IR's interrogatories.

IXYS designated its redesigned products by the same part numbers as the original ISOPLUS220 products. IR chose not to supplement its complaint to allege infringement by the modified products introduced by IXYS after the date on which IR filed suit. In view of IXYS's withdrawal of its affirmative defenses and admission that its original ISOPLUS220 products contained all the limitations of claims 1–5 of IR's patent, IR filed a motion for summary judgment on July 23, 2003. IR stated it was willing to forego any claim of willful infringement or money damages based on the small quantity of infringing products and requested the district court to enter final judgment on its infringement claim.

Accompanying its motion IR filed a proposed final judgment order which included a permanent injunction and which read:

1. Each and every affirmative defense by [IXYS] is adjudicated in favor of [IR] and against IXYS. IR's U.S. Patent No. 6,476,481 (the " '481 patent") is not invalid and is not unenforceable.

2. IXYS has infringed Claims 1 through 5 of IR's '481 patent by making, using, offering for sale and/or selling in, and/or importing into, the United States during the period November 5–19, 2002

IXYS ISOPLUS which at that time were designated by [part numbers of accused devices].

3. IXYS and its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment, are hereby prohibited and enjoined from making, using, offering for sale or selling in, or importing into, the United States, any device covered by one or more of Claims 1 through 5 of U.S. Patent No. 6,476,481.

IXYS filed a "Limited Opposition" to IR's motion in which it agreed with IR that entry of final judgment and a permanent injunction were appropriate, but opposed the form of the injunction proposed by IR. Specifically, IXYS objected to the proposed injunction's prohibition against any future infringement of IR's patent, alleging that such a broad injunction would violate Rule 65(d) of the Federal Rules of Civil Procedure. IXYS urged the trial court to limit the injunction to products made according to IXYS's original design and any products introduced after entry of the injunction that differed from the adjudicated products in a way that was merely colorable. Such an injunction would exclude products made according to IXYS's modified design so that IR would be unable to accuse those products of infringement in a contempt proceeding. IXYS wanted to force IR to file a separate infringement suit should IR believe the redesigned products infringed its patent. IXYS also proposed to include language in the judgment expressly reserving its right to assert non-infringement, invalidity, and unenforceability defenses should IR assert the '481 patent against the modified design.

The trial court rejected IXYS's objections and entered final judgment using the language proposed by IR.

IXYS appeals from the district court's final judgment and injunction, alleging that the injunction does not satisfy the requirements of Rule 65(d). IXYS also contends that the district court should have explicitly excluded the redesigned products from the scope of the injunction. IXYS further objects to the trial court's finding of invalidity and unenforceability on the ground that it had withdrawn those affirmative defenses. Finally, IXYS challenges the district court's transfer of the case under the court's local "related case" rule. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

### A. Compliance with Rule 65(d)

Rule 65(d) of the Federal Rules of Civil Procedure specifies the proper form and scope of an injunction issued by a district court:

(d) **Form and Scope of Injunction or Restraining Order.** Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

■ Although we review a district court's decision to grant an injunction for abuse of discretion, whether the terms of an injunction fulfill the mandates of Rule 65(d) is a question of law that we review without deference. *See Signtech USA, Ltd. v. Vutek, Inc.,* 174 F.3d 1352, 1356 (Fed.Cir.1999); *Premier Communications*

*Network, Inc. v. Fuentes,* 880 F.2d 1096, 1100 (9th Cir.1989).

██ In accord with the policy of Rule 65(d), the Supreme Court has denounced broad injunctions that merely instruct the enjoined party not to violate a statute. *NLRB v. Express Publ'g Co.,* 312 U.S. 426, 435–36, 61 S.Ct. 693, 85 L.Ed. 930 (1941); *see KSM Fastening Sys., Inc. v. H.A. Jones Co.,* 776 F.2d 1522, 1526 (Fed.Cir. 1985). Such injunctions increase the likelihood of unwarranted contempt proceedings for acts unlike or unrelated to those originally judged unlawful. *See Express Publ'g Co.,* 312 U.S. at 435–36, 61 S.Ct. 693; *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.,* 986 F.2d 476, 479 (Fed.Cir.1993).

In the patent infringement context, this court has rejected as overly broad a permanent injunction that simply prohibits future infringement of a patent. In *Additive Controls,* we vacated an injunction that "forever barred" the adjudged infringer from infringing the patent at issue. 986 F.2d at 479–80. That injunction failed to satisfy the requirements of Rule 65(d) because it lacked specific terms and a reasonably detailed description of the acts sought to be restrained. *Id.* at 479. Furthermore, the order failed to state which acts constituted infringement or to expressly limit its prohibition to the manufacture, use, or sale of the specific device found to infringe, or devices no more than colorably different from the infringing device. *Id.* at 479–80 (citing *KSM,* 776 F.2d at 1526).

██ As in *Additive Controls,* the trial court's injunction in this case does not meet the specificity requirements of Rule 65(d). The injunctive language set forth in the trial court's judgment prohibits infringement by "any device covered by one or more of Claims 1 through 5" of the '481 patent. On its face the injunction applies to many more devices than those actually adjudicated. Indeed, by its terms the injunction applies to "any device" made or sold by IXYS that is within the scope of the patent claims. The actual scope of the injunction cannot be that expansive, however, because this court has held that "contempt proceedings ... are available only with respect to devices previously admitted or adjudged to infringe, and to other devices which are no more than colorably different therefrom and which clearly are infringements of the patent." *KSM,* 776 F.2d at 1526. Therefore, the only acts the injunction may prohibit are infringement of the patent by the adjudicated devices and infringement by devices not more than colorably different from the adjudicated devices. In order to comply with Rule 65(d), the injunction should explicitly proscribe only those specific acts.

IR asserts that it is unnecessary to expressly limit an injunction to devices found to infringe and those not more than colorably different therefrom because, regardless of the precise language used, a district court, applying Federal Circuit law, will interpret an injunction to be so limited in a contempt proceeding. That argument misses the point. The question before us is not how to deal with enforcement of an overly broad injunction that has previously issued, but how to insure that overly broad injunctions do not issue in the first instance.

If a trial court is faced with an overly broad injunction during a contempt proceeding, the court should interpret it according to the rule of law quoted from *KSM* above. Although this court stated in *KSM* that such a rule alleviates the unreasonableness of broad prohibitions against "infringement" of a "patent," 776 F.2d at 1526, the court in *KSM* was not reviewing the propriety of an injunction under Rule 65(d). *Additive Controls,* 986 F.2d at 480.

Here, as in *Additive Controls,* this court has been asked to enforce Rule 65(d). This rule, by requiring specificity in the wording of injunctions, protects enjoined parties from unwarranted contempt proceedings. *Id.*

This court has indicated that as a general proposition district courts should have wide latitude in framing injunctions to meet particular circumstances. *KSM,* 776 F.2d at 1527. That, however, is not license to fashion injunctions that fall outside the dictates of Rule 65(d). *Id.* The rule requires an injunction to prohibit only those acts sought to be restrained, which in this case are infringement of the patent by the devices adjudged to infringe and infringement by devices no more than colorably different therefrom.

IR argues that the sentence immediately preceding the injunctive language in the judgment cures the Rule 65(d) violation in this case. Not so. That sentence, which lists the devices found to infringe during the initial two-week period after the patent issued, is not incorporated into the injunction against future infringing activities. Accordingly, it cannot convert a defective injunction into one that fulfills the requirements of Rule 65(d).

We also reject IR's contention that this court's decision in *Signtech* compels a different result. In that case, the court held that a permanent injunction against Signtech for any future infringement of the patent-in-suit did not run afoul of Rule 65(d). 174 F.3d at 1359. The danger, the court explained, of unwarranted contempt actions was minimal because of the "detailed record" on which the injunction was entered. *Id.* The record here could not be considered so "detailed" as to obviate compliance with Rule 65(d), and in any case, to the extent *Signtech* is inconsistent with the rule pronounced in *Additive Controls,* the latter, being the earlier-issued decision,

controls. *See Newell Cos. v. Kenney Mfg. Co.,* 864 F.2d 757, 765 (Fed.Cir.1988) ("This court has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned in banc.").

█ Although we are vacating the injunction and remanding to the district court, we are unable to grant IXYS all the relief it has requested with respect to the injunction. IXYS has tried repeatedly, and unsuccessfully, to bring its redesigned products into the case. First, IXYS notified IR of its modified design, but IR declined to file a supplemental pleading to allege infringement of the redesigned devices, which were introduced after IR filed its complaint. Then, in opposition to IR's motion for summary judgment, IXYS asserted that the redesigned products should not be the subject of contempt proceedings because, in IXYS's view, there is a "substantial open issue" as to whether they infringe. *See KSM,* 776 F.2d at 1532 (holding that the test for whether contempt proceedings are appropriate is whether there are substantial open issues with respect to infringement). Consequently, IXYS urged the district court to limit the injunction to the adjudicated products and any products introduced after the effective date of the judgment that are no more than colorably different from the adjudicated products. IXYS's proposed judgment would have effectively excluded from the scope of the injunction devices made according to IXYS's modified design.

The district court properly denied IXYS's request to so limit the injunction. Supplemental pleadings are optional, *see* Fed.R.Civ.P. 15(d), and thus neither IXYS nor the district court had the authority to force IR to supplement its complaint to allege infringement by the redesigned products. IR chose not to accuse the re-

designed products in this action, and therefore it would have been inappropriate for the district court to enter what would amount to a non-infringement judgment with respect to those products.

IXYS contends that as a matter of fairness contempt proceedings should be unavailable with respect to pre-judgment devices not accused of infringement in the underlying action, and thus such devices should be affirmatively excluded from the scope of an injunction. This court has never so held, and we decline to do so now. If in the future IR chooses to bring a contempt action against IXYS's modified products, the district court at that time must determine whether contempt proceedings are appropriate by applying the standard established by this court in *KSM*. 776 F.2d at 1532; *see Arbek Mfg., Inc. v. Moazzam*, 55 F.3d 1567, 1569–70 (Fed.Cir. 1995) (affirming trial court's denial of a contempt motion when there were substantial open infringement issues to be litigated). It would have been improper for the district court to address that issue until or unless it was properly before the court.

### B. Invalidity Judgment

■ The trial court's final judgment states that all affirmative defenses have been adjudicated in favor of IR and declares IR's patent not invalid and not unenforceable. IXYS is correct that this portion of the judgment and injunction must be vacated because the issues of validity and enforceability have not been adjudicated in this case.

IXYS withdrew its affirmative defenses, including invalidity and unenforceability of the patent, during discovery and prior to the date on which IR filed its motion for summary judgment. The effect of this action was the same as if IXYS had never asserted the defenses at all, i.e., the issues of validity and enforceability were not part of the case. IR alleges it is entitled to judgment on those issues because it raised them in its motion for summary judgment on liability, and in response IXYS produced no evidence at all that the patent was invalid or unenforceable. But IR ignores the fact that by the time it filed its motion for summary judgment, validity and enforceability were no longer issues in the case. IR was not entitled to adjudication of issues not before the court.

IXYS alleges that it has the right to assert all affirmative defenses should IR assert its patent against IXYS's modified devices. Whether that position is correct will depend on the preclusive effect accorded the judgment in this case in a future proceeding, an issue that is not before us. Once the portion of the judgment relating to invalidity and unenforceability is removed on remand, the judgment correctly will be silent as to IXYS's non-adjudicated defenses. Whether IXYS will be precluded from raising an affirmative defense in a later proceeding, either a contempt action or another infringement suit, will be decided at that time by applying the normal rules of claim preclusion and issue preclusion. *See, e.g., Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 478–81 (Fed.Cir.1991); *see also Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294–98 (Fed.Cir.2001) (discussing application of claim preclusion to invalidity defense).

### C. Transfer

■ Finally, IXYS accuses IR of manipulating the district court's local rules on transfer of related cases and alleges that the court improperly transferred the case to Judge Real. First of all, IXYS has not identified any actual violation of the court's rules by IR. With regard to the trial court's transfer decision, IXYS goes to great lengths to explain why in its view

this case does not meet any of the trial court's related case criteria. Nevertheless, a district court has broad discretion to determine whether transfer is appropriate, particularly when the court's local rules are involved. We cannot say that the transfer in this case was inconsistent with the local rules or that the trial court abused its discretion when it transferred the case to Judge Real.

## CONCLUSION

The injunction entered by the trial court is vacated, and the cause remanded with instructions to issue an injunction that meets the specificity requirements of Rule 65(d). The portion of the judgment relating to IXYS's affirmative defenses also is vacated. The district court's transfer of the case under its local related case rule is affirmed.

## COSTS

Costs are awarded to IXYS.

*AFFIRMED–IN–PART, VACATED–IN–PART, and REMANDED*