NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1508

TIGER TEAM TECHNOLOGIES, INC.
(formerly known as Blackwater Technologies, Inc.),

Plaintiff-Appellant,

v.

SYNESI GROUP, INC. (formerly known as Portogo, Inc.),

Defendant,

and

TIM OLISH and ROD MILEY,

Defendants-Appellees.


Boris Parker, Parker & Wenner, P.A., of Minneapolis, Minnesota, for plaintiff-appellant.

Robert Zeglovitch, Law Offices of Robert Zeglovitch, of St. Paul, Minnesota, for defendants-appellees.

Appealed from:  United States District Court for the District of Minnesota

Judge Ann D. Montgomery

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1508

TIGER TEAM TECHNOLOGIES, INC.
(formerly known as Blackwater Technologies, Inc.),

Plaintiff-Appellant,

v.

SYNESI GROUP, INC. (formerly known as Portogo, Inc.),

Defendant,

and

TIM OLISH and ROD MILEY,

Defendants-Appellees.

Appeal from the United States District Court for the District of Minnesota
in case no. 06-CV-01273, Judge Ann D. Montgomery.

_____

DECIDED: April 12, 2010

_____

Before MICHEL, Chief Judge, CLEVENGER and PROST, Circuit Judges.

PER CURIAM.

Tiger Team Technologies, Inc. ("TTT") sued Synesi Group, Inc. ("Synesi") and two of its shareholder officers, Tim Olish and Rod Miley, in the United States District Court for the District of Minnesota. The district court granted summary judgment to defendants Olish and Miley and entered a default judgment against Synesi but awarded no damages to TTT. Tiger Team Techs., Inc. v. Synesi Group, Inc., 2009 WL 749814 (D. Minn. 2009). TTT now appeals both orders. We affirm.

I

The case arises from a contemplated joint business venture with TTT licensing and marketing Synesi's technology. Relations between the parties withered, and, among other things, TTT believed its business was harmed due to Synesi's public allegations of patent infringement. Along with various state law claims, TTT's original complaint filed in this action sought a declaratory judgment that TTT did not infringe Synesi's patents. Upon filing of the original complaint, the suit was thus denominated in the court system as a patent case.

By its second amended complaint, TTT dropped its declaratory judgment patent count, but left in the complaint several counts: Count I for Breach of Contract, Count II for Promissory Estoppel, Count III for Deceptive Trade Practices Under Minnesota Statute § 325D.44, Count IV for Unfair Competition, Count V for Common Law Fraud by Misrepresentation and/or Omission, Count VI for Negligent Misrepresentation and Count VII for Individual Liability against Olish and Miley.

Although the primary patent claim of noninfringement was dropped from the case, a remaining question of patent law lurked in Count III. A theory of liability under the Minnesota Deceptive Trade Practices Act ("MDTPA") is that Synesi disparaged TTT's products by asserting claims of patent infringement against TTT. For TTT to prevail on Count III, it would need to prove that its products did not infringe Synesi's patents. See McClure v. American Family Mut. Ins. Co., 223 F.3d 845, 854-55 (8th Cir. 2000) (MDTPA claimant must prove falsity of allegedly false deceptive statement). TTT's right to relief on Count III of its amended complaint thus depends on the resolution of a substantial question of patent law.

Our jurisdiction depends on whether the plaintiff's complaint as amended establishes that either federal patent law creates the cause of action or the plaintiff's right to relief depends on the resolution of a substantial question of patent law, in that patent law is a necessary element of one of the well-pleaded claims. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 806-08 (1988). Because Count III depends on the resolution of a substantial question of patent law, we have jurisdiction over this appeal. See Additive Controls & Measurement Sys. Inc. v. Flowdata, Inc., 986 F.2d 476, 478-79 (Fed. Cir. 1993) (applying similar analysis to a Texas state business disparagement claim).

Because the well-pleaded complaint defines our appellate jurisdiction, it is of no matter that TTT does not appeal the dismissal of Count III. In fact, while the district court dismissed or granted summary judgment on all of the counts, TTT only appeals the district court's grant of summary judgment on Counts I, II, IV and VII, and the dismissal of its request for damages under a default judgment entered against Synesi.

II

Because the merits of the default judgment entered against Synesi are not appealed, the live controversy on appeal is whether Olish and Miley are liable to TTT under Counts I, II and V. Count VII represented TTT's attempt to pierce the corporate veil and thereby assign individual liability to Olish and Miley for the breach of contract, promissory estoppel, and common law fraud counts. The district court ruled against TTT on the merits of Counts I, II and V, and, in addition, held that on the facts of this case the corporate veil could not be pierced to establish liability for the individual defendants.

III

The district court refused to pierce Synesi's corporate veil with regard to the Breach of Contract and Promissory Estoppel counts. Under Minnesota law, the corporate veil may be pierced when the corporation is an alter ego or mere instrumentality of an individual shareholder or shareholders. Victoria Elevator Co. of Minneapolis v. Meriden Grain Co., 283 N.W.2d 509, 512 (Minn. 1979). The district court carefully assessed the facts alleged by TTT to support its piercing theory and found those allegations lacking in evidentiary support. Consequently, the district court ruled against TTT on Count VII, thus releasing Olish and Miley from liability under Counts I and II. We discern no clear error in any of the facts found by the district court in ruling on the corporate veil issue, and therefore affirm its grant of summary judgment regarding Counts I and II.

IV

Count V charged Olish and Miley with making misrepresentations to TTT regarding the status of the Synesi's patents. Corporate officers can be found liable for fraudulent acts if they directly engage in the fraudulent conduct. See State by Humphrey v. Alpine Air Prods. Inc., 490 N.W. 2d 888, 897-98 (Minn. Ct. App. 1992). The second amended complaint specified the alleged misrepresentations, namely that "[d]espite the fact that they knew that no patent had yet been granted, [Olish and Miley] repeatedly assured [TTT's representative] Mr. Hogan that the Synesi technology was fully patented and that [TTT] would be granted a license to sell it." Second Am. Compl. ¶ 52. The district court found that TTT presented no evidence that Olish or Miley made the alleged misrepresentations.

TTT does not appeal the district court's factual finding regarding the misrepresentations alleged in the second amended complaint. Instead, TTT asserts reversible error by the district court in refusing to consider other alleged misrepresentations by Olish and Miley. The other alleged misrepresentations were first presented to the district court, and the defendants, by TTT in its opposition to the Defendants' Motion for Summary Judgment on the fraud count.

Under Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." "This requirement is designed to enable defendants to respond specifically, and at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). The district court held, with regard to TTT's new allegations, that "[t]heir late arrival to the lawsuit is prejudicial to Defendants." The court granted summary judgment to Olish and Miley on Count V.

On appeal, TTT recognizes that freely amending a complaint to add new allegations can be barred if the objecting party is prejudiced. Appellant's Brief at 33. Here, the district court made a finding of fact that the defendants would be prejudiced by allowing amendment to include TTT's new factual allegations to support Count V. We see no error in the ruling of prejudice by the district court and therefore affirm its grant of summary judgment of Count V.

V

The final item of business in this appeal is TTT's appeal of the district court's order entering default judgment against Synesi, but without award of damages. The district court initially declined to rule on TTT's motion for default judgment against

Synesi, because "Plaintiff has failed to submit documentation fixing its damages at a 'sum certain' of $49,550,225, and, therefore, a default judgment will not be entered at this time." The district court further instructed TTT that "[i]f Plaintiff has appropriate documentation to support a judgment, such documentation should be submitted to the Clerk."

In response, TTT submitted an affidavit by Bart J. Ward, stating his views as to why the judgment should be set at $49,550,225. In response to this affidavit, the district court repeated the admonition it had issued when denying the original request for judgment:

> A "sum certain" under the rule means an amount that can be fixed by simple calculation or that can be set by documentation, such as an invoice or contract. It does not refer to a mere claim by a party for a specific amount, such as a multimillion dollar claim for damages.

Accordingly, the district court held that TTT's affidavit of an expert did not meet the requirements of establishing a "sum certain."

We see no error in the district court's rejection of Mr. Ward's affidavit as insufficient to establish a sum certain to accompany the default judgment, and we therefore affirm the district court's entry of default judgment against Synesi without damages.

VI

We affirm the judgment of the district court in all respects.

COSTS

No costs.