NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**M-I LLC,**
*Plaintiff-Appellee*

v.

**FPUSA, LLC,**
*Defendant-Appellant*

---

2015-1870

---

Appeal from the United States District Court for the Western District of Texas in No. 5:15-CV-00406, Senior Judge David A. Ezra.

---

Decided: September 24, 2015

---

STEPHEN BURTON CRAIN, Bracewell & Giuliani, LLP, Houston, TX, argued for defendant-appellant. Also represented by CHRISTOPHER DODSON, JEFFREY L. OLDHAM, ANDREW WILLIAM ZEVE; DOUGLAS FRED STEWART, Seattle, WA.

JOHN R. KEVILLE, Winston & Strawn LLP, Houston, TX, argued for plaintiff-appellee. Also represented by MICHELLE REPLOGLE; TED DALTON LEE, Gunn, Lee &

Cave, P.C., San Antonio, TX; RICHARD L. STANLEY, Law Office of Richard L. Stanley, Houston, TX.

———————————

Before PROST, *Chief Judge,* BRYSON and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

FPUSA, LLC, appeals from an order of the district court granting M-I LLC's motion for a preliminary injunction. The district court enjoined FPUSA from promoting, selling, or renting a system for recovering drilling fluid that infringes claims 1 and/or 16 of M-I's patent. Because the district court did not abuse its discretion in granting an injunction with respect to claim 16, we affirm the preliminary injunction as to claim 16, vacate as to claim 1, and remand with instructions to reform the injunction consistent with this opinion.

I

M-I filed suit in the United States District Court for the Western District of Texas alleging that FPUSA's Vac-Screen system infringes U.S. Patent No. 9,004,288. The '288 patent is directed to recovering drilling fluid by using an improved shaker. Drilling fluid facilitates the oil-drilling process, and becomes contaminated with solid particulates during use. The disclosed invention uses pressure differential devices on screens to improve the rate and efficiency of separating drilling fluid from contaminants, and may include a degassing chamber to degas the recovered fluid. The district court granted M-I's motion for a preliminary injunction, denied FPUSA's subsequent motion for reconsideration, and in a third order, clarified the enjoined activities.

The district court found that M-I met its burden to show that it will likely prove that FPUSA infringes at

least claim 16 of the '288 patent, and that this claim is valid and enforceable.[1]  Claim 16 recites, in relevant part:

> A system comprising:
>
> a *first screen* having an upper side and a lower side for separating drill cuttings and drilling fluid within a shaker;
>
> a pressure differential generator configured to pull air or vapor through the *first screen* to enhance the flow of drilling fluid through the *first screen* with respect to a *second screen* within the shaker in which the pressure differential generator does not create a pressure differential between an area above and an area below the *second screen*; and . . .
>
> a *degassing chamber* in fluid communication with the pressure differential generator and the sump and located external to the shaker for collecting all of the air or vapor and the drilling fluid in the sump and removing air or vapor from the drilling fluid.

'288 patent, col. 12 ll. 47–65 (emphasis added).

The district court held that the modifiers "first" and "second" merely "distinguish between repeated instances of an element or limitation, and [did] not construe them to denote spatial location relative to the shaker's inlet."  J.A. 14.  The district court determined that because the Vac-Screen applies a pressure differential to only one of multiple screens in a shaker, it satisfies the "first screen" limitation.

---

[1]  We decline to reach the merits of the district court's findings with respect to claim 1 because the district court did not complete its infringement analysis on that claim.  *See* FED. R. CIV. P. 65(d)(1).

In assessing whether the Vac-Screen products contain the "degassing chamber" limitation of claim 16, the district court relied on FPUSA's patent, U.S. Patent No. 9,015,959, which FPUSA concedes covers the Vac-Screen system; and a "Technology Evaluation Report" that was prepared by one of FPUSA's experts. J.A. 21. The '959 patent describes accumulator tanks that provide "fluid/gas separation." '959 patent, col. 8 ll. 61–64. The report states that "[a]ttached to the manifold is a vacuum line with a fluid or air separator." J.A. 695. Based on these disclosures, the district court concluded that the Vac-Screen system includes a system by which drilling fluid is separated from residual air or gas, as required by the "degassing chamber" limitation of claim 16.

In addition to its non-infringement contentions, FPUSA argued that the '288 patent is invalid because it is only entitled to a 2013 priority date, and the Vac-Screen system had been on sale since 2010. The district court determined that the claims are properly entitled to a 2006 priority date, and that FPUSA failed to raise a substantial question as to the validity of the patent. In light of the evidence supporting a finding of infringement and validity, the district court concluded that M-I's likelihood of success on the merits weighs in favor of granting a preliminary injunction.

The district court also determined that M-I would likely suffer irreparable harm in the absence of a preliminary injunction. The district court noted M-I's potential loss of market share, and that the parties did not dispute that they are each other's sole competitors. J.A. 26. The district court also determined that FPUSA is a small subsidiary of a foreign corporation, and that district courts often find that money damages are insufficient in cases involving foreign infringers. J.A. 28. With respect to the remaining factors, the court weighed M-I's patent rights against FPUSA's business concerns, and ultimately

concluded that the balance of equities is neutral, and that the public interest weighs in favor of an injunction.

FPUSA appeals the district court's orders on the preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1) and (c)(1).

## II

We apply the standard of the regional circuit in reviewing preliminary injunctions. *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1367 (Fed. Cir. 2008). The Fifth Circuit reviews a district court's ultimate decision to grant or deny a preliminary injunction for abuse of discretion. *Janvey v. Alguire*, 647 F.3d 585, 591-92 (5th Cir. 2011). As to each element of the district court's preliminary injunction analysis, findings of fact are reviewed for clear error, and conclusions of law are subject to broad review and will be reversed if incorrect. *Id.* at 592.

The district court did not abuse its discretion in granting a preliminary injunction as to claim 16. The district court did not err in finding that M-I is likely to prove infringement of a valid claim. The court's construction of the "first" and "second" modifiers was proper in light of the claim language and the specification. And based on FPUSA's representation that the Vac-Screen system only applies a vacuum to one screen, the one closest to the shaker outlet, the district court's finding that the Vac-Screen system meets the "first screen" limitation was not clearly erroneous. Nor was the district court's determination that the Vac-Screen likely meets the "degassing chamber" limitation, based on the disclosures in the '959 patent and Technology Evaluation Report.

The district court also did not err in finding that FPUSA had not raised a substantial question of invalidity. There is a statutory presumption that issued patents are valid. 35 U.S.C. § 282. The district court did not err in determining that the claims of the '288 patent are

supported by the written description in the parent application, which was filed in 2006.

Further, the district court did not err in determining that irreparable harm would likely result based on the evidence in the record. FPUSA admitted in its briefing before the district court that enjoining FPUSA would "leav[e] M-I as the sole source of a substitute technology," J.A. 480, which means that absent an injunction, M-I would likely suffer an irreparable loss of market share. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1151 (Fed. Cir. 2011) ("[The existence of a two-player market] creates an inference that an infringing sale amounts to a lost sale for the patentee."). M-I only started marketing its product in 2015, while FPUSA has been on the market since 2010. And while FPUSA faulted M-I's reliance on a third-party report as evidence of FPUSA's inability to satisfy a judgment, FPUSA did not offer any evidence of its profitability. Finally, the district court did not err in finding that the balance of equities is neutral, and that the public interest weighs in favor of an injunction.

## III

FPUSA argues that the preliminary injunction order is procedurally defective and should be vacated independent of the merits. Although we affirm the injunction with regard to claim 16, we agree that the form of the injunction must be corrected on remand. First, the preliminary injunction is overbroad and should not include "other products." As we have previously held, broad injunctions that merely instruct the enjoined party not to infringe are improper because such an order frustrates the remedy of contempt, which is available only with respect to devices "which are no more than colorably different [from the enjoined product] and which clearly are infringements of the patent." *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d

1312, 1316 (Fed. Cir. 2004) (internal quotation marks omitted).

We also note that on remand, the district court should be mindful that the Fifth Circuit "strictly construe[s]" Federal Rule of Civil Procedure 65(d)'s requirement that a preliminary injunction order must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." *Seattle-First Nat'l Bank v. Manges*, 900 F.2d 795, 800 (5th Cir. 1990). The district court did not fully comply with Rule 65(d), because the description of the enjoined acts was set forth in a separate document from the preliminary injunction order.

## IV

We have considered FPUSA's remaining arguments and find them unpersuasive. Because the district court did not abuse its discretion in granting the preliminary injunction as to claim 16, we affirm on the merits. We vacate the preliminary injunction as to claim 1 because the district court did not complete its infringement analysis. Further, we remand to the district court with instructions to reform the preliminary injunction consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN PART**